UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDISON CORPUZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYER CORPORATION,<br><br>Defendant. | Case No.:  22-cv-01085-MMA-JLB<br><br>**NOTICE AND ORDER SETTING EARLY NEUTRAL EVALUATION AND CASE MANAGEMENT CONFERENCES** |

IT IS HEREBY ORDERED that an **Early Neutral Evaluation Conference** ("ENE") will be held by <u>video conference</u>[1] on **May 9, 2023**, at **1:45 PM** before Magistrate Judge Jill L. Burkhardt.  In the event the case does not settle at the ENE, a **Case Management Conference** ("CMC") pursuant to Fed. R. Civ. P. 16(b) **is SET for May 9, 2023**, and will be held at the conclusion of the ENE.

---

[1]   If any party believes the ENE is more likely to be successful if conducted in-person, that party shall meet and confer on the issue with the other parties.  After meeting and conferring, and no later than **10 days from the date of this Order**, the parties shall leave a joint voicemail with chambers at (619) 557-6624 indicating which of the parties requests an in-person ENE.  In the voicemail, the parties shall leave three mutually available dates for a telephonic status conference to discuss whether the ENE should be held in-person.  The final decision will be made by the Court.

The following are **mandatory** directions for the parties preparing for the ENE. **Absent express permission obtained from this Court, and notwithstanding the pendency of any motion, counsel shall <u>timely</u> comply with the dates and deadlines ordered herein.**

1. **<u>Purpose of Conference</u>**:  The purpose of the ENE is to permit an informal discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case.  All ENE discussions will be informal, off the record, privileged, and confidential.  Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the ENE.  The Court generally allots up to three hours for ENEs, but the parties should be prepared to participate longer at the Court's discretion.

2. **<u>Appearance by All Parties Required</u>**:  All parties, adjusters for insured defendants, and other representatives of a party having full settlement authority as explained below, and the principal attorneys responsible for the litigation, **must appear at the ENE by video conference** and be legally and factually prepared to discuss settlement of the case.  **<u>Mandatory directions for participating in the ENE by video conference are attached hereto.</u>**  Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.  If each of the principal attorneys responsible for the litigation are not listed on the docket as an "*ATTORNEY TO BE NOTICED*," then they each shall enter their appearance on the docket as soon as practicable, but in no event later than **7 calendar days** prior to the ENE.

The Court will not grant requests to excuse a required party from personally appearing absent extraordinary circumstances.  If counsel believes there are sufficient grounds to request that a required party be excused from personally appearing, they must confer with opposing counsel prior to making the request.  All requests to excuse a required party from personally appearing must be made by joint or *ex parte* motion and filed at least

**7 calendar days** before the scheduled ENE. **Failure to appear at the ENE will be grounds for sanctions.**

3. **Full Settlement Authority Required**: In addition to counsel who will try the case, a party or party representative with full settlement authority[2] must appear at the ENE. In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the ENE without consulting a superior.

**Counsel for a United States government entity** may be excused from this requirement so long as the government attorney who appears at the ENE (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

4. **ENE Statements Required**: On or before **May 1, 2023**, the parties shall **lodge** ENE statements with Judge Burkhardt's chambers via e-mail at efile_burkhardt@casd.uscourts.gov. Whether these statements are lodged confidentially or whether they are served on opposing counsel is within the parties' discretion. ENE statements must be **5 pages** or less (excluding exhibits) and set forth the following:

---

[2]  "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to appear at the conference contemplates that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *See Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

a.  The nature of the case, the claims, the defenses, including the statutory or other grounds upon which the claims are founded, and the parties' positions regarding settlement of the case.

b.  A **specific and current demand or offer** addressing all relief or remedies sought. If a specific demand or offer cannot be made at the time the statement is submitted, then the reasons therefor must be stated along with a statement as to when the party will be in a position to state a demand or offer. A general statement that a party will "negotiate in good faith," "offer a nominal cash sum," or "be prepared to make an offer at the conference" is not a specific demand or offer. In advance of the ENE, the parties are strongly encouraged to engage in at **least one round of settlement demands and offers**. ENE statements shall include all settlement proposals exchanged to date.

c.  A list of: (i) **all attorney and non-attorney conference participants** for that side, including the name(s) and title(s)/position(s) of the party/party representative(s) who will appear and have settlement authority at the conference; (ii) an **e-mail address** for each participant to receive the Zoom video conference invitation; and (iii) a **telephone number** where each participant may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference.[3]

5.  **Submission of Magistrate Judge Consent Form**: No later than **April 10, 2023**, each party shall provide Plaintiff's counsel with an executed copy of the attached consent form, titled Notice, Consent, and Reference of a Civil Action to a Magistrate Judge. Pursuant to Civil Local Rule 73.1, if (and only if) **all** parties have

---

[3]  If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.

consented to the reference to a magistrate judge, then Plaintiff shall file the consent form(s) **in paper format** at the Clerk's Office by **April 12, 2023**. If the paper format filing reflects consent by **all** parties, then the form(s) will be forwarded to the assigned district judge for approval. The consent form(s) **should not be filed with the court electronically** through its Case Management/Electronic Case Filing (CM/ECF) system. No consent form will be made available, nor will its contents be made known to any judicial officer, unless all parties have consented to the reference to a magistrate judge. The parties are free to withhold consent without adverse substantive consequences. Questions related to the consent form(s) should be directed only to the clerk's office at 619-557-5600. Please do not call chambers' staff with questions related to the consent form(s).

6. **New Parties Must Be Notified by Plaintiff's Counsel**: Plaintiff's counsel shall give notice of the ENE and this Order to parties responding to the complaint after the date of this notice.

7. **Case Management Under the Federal Rules**: The parties are ordered to comply with Fed. R. Civ. P. 26 and proceed with the initial disclosure process as follows:

   a. The Rule 26(f) conference shall be completed on or before **April 10, 2023**; and

   b. The date of initial disclosure pursuant to Rule 26(a)(1)(A–D) shall occur on or before **May 1, 2023**.

8. **Joint Discovery Plan**: The parties shall **file** a Joint Discovery Plan on or before **May 1, 2023**. The Plan must be one document and must explicitly cover the parties' views and proposals for each item identified in Fed. R. Civ. P. 26(f)(3). In addition, the Joint Discovery Plan shall identify:

   a. By name and/or title, all witnesses that counsel plans to depose in the case and a brief explanation as to why counsel wants to depose the witness. If opposing counsel does not agree to the deposition of a specific witness, counsel must concisely explain the legal basis for the objection;

  b. Specific documents or categories of documents that counsel want produced during discovery. If opposing counsel disagrees about the production of documents or categories of documents, the plan must articulate a concise, specific, and valid legal basis for the objection;

  c. What limited discovery may enable the parties to make a reasonable settlement evaluation (e.g., deposition of plaintiff, defendant, or key witness, and/or exchange of a few pertinent documents);

  d. What issues in the case implicate expert evidence, including whether counsel anticipates any issues under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993);

  e. Threshold legal issues that may be resolved by summary judgment or partial summary judgment;

  f. The procedure the parties plan to use regarding claims of privilege;

  g. Whether a protective order will be needed in the case; and

  h. What good cause exists, if any, to modify the Court's tentative schedule for this case. Failure to identify good cause to modify the tentative schedule will be construed as concurrence with the dates and deadlines set forth in the tentative schedule. The Court's **tentative** schedule is as follows:

| | |
|---|---|
| Filing of any motion for entry of a stipulated protective order governing discovery: | June 2, 2023 |
| Filing of motions to amend pleadings and/or add parties: | June 9, 2023 |
| Completion of discovery related to class certification: | September 22, 2023 |
| The date by which a motion for class certification shall be filed: | October 20, 2023 |

The parties should consult the assigned district judge's chambers rules, if any, in drafting their Joint Discovery Plan.

9. **Requests to Continue or Reschedule ENE**: Pursuant to CivLR 16.1(c), the Court must set the ENE within 45 days of the filing of an answer. Therefore, requests to continue or reschedule ENEs are strongly disfavored and will only be granted upon a showing of good cause in a timely-filed motion. **All requests to continue or reschedule ENEs must be made by joint or *ex parte* motion and be filed no less than 7 calendar days prior to the scheduled ENE.** Any motion filed less than 7 calendar days in advance of the ENE must address excusable neglect for the untimely request. Fed. R. Civ. P. 6(b)(1)(B). Additionally, motions to continue or reschedule an ENE must include **three mutually agreeable alternative dates** for the proceeding. Counsel should not call Chambers requesting to continue or reschedule an ENE or inquiring upon the Court's availability for an alternative ENE date.

10. **Settlement Prior to ENE**: The Court encourages the parties to work on settling the matter in advance of the ENE. In the event that the parties resolve the matter prior to the day of the ENE, the following procedures must be followed before the Court will vacate the ENE and excuse the parties from appearing:

  a. The parties may <u>file</u> a Joint Motion to Dismiss and separately <u>lodge</u> by e-mail a proposed order to the assigned <u>District Judge</u>.[4] If a Joint Motion to Dismiss is filed, the Court will vacate the ENE. The parties are encouraged to leave a joint voicemail message with Judge Burkhardt's chambers to notify the Court of their pending Joint Motion.

  b. If the parties settle more than 24 hours before the ENE but are not able to file a Joint Motion to Dismiss, they must file a Notice of Settlement containing

---

[4]  *See* Electronic Case Filing Administrative Policies and Procedures Manual, United States District Court for the Southern District of California § 2(h), for the chambers' official email address and procedures on emailing proposed orders.

the electronic signatures of counsel for all settling parties and identifying a date by which the Joint Motion to Dismiss will be filed.  The parties are encouraged to leave a joint voicemail message with Judge Burkhardt's chambers to notify the Court of their filed Notice of Settlement.

      c.     If the parties settle less than 24 hours before the ENE, the parties must leave a joint voicemail message with Judge Burkhardt's chambers to notify the Court of the settlement **and** receive Court permission to not appear at the ENE.

After having reviewed Judge Burkhardt's Civil Chambers Rules, appropriate questions regarding this case or the mandatory directions set forth herein may be addressed through **a joint call** by the parties to Judge Burkhardt's law clerks at (619) 557-6624.

Dated:  March 27, 2023

                                                                            Hon. Jill L. Burkhardt
                                                                            United States Magistrate Judge

**Mandatory Directions for Zoom Video Conference Participation**

1.  The Court will use its official ZoomGov video conferencing account to hold the ENE. **IF YOU ARE UNFAMILIAR WITH ZOOM:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[1] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE.[2] There is a cost-free option for creating a Zoom account.

2.  Prior to the start of the ENE, the Court will e-mail each ENE participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that her or his device is plugged in or that a charging cable is readily available during the video conference. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the ENE begins.

3.  Each participant should plan to join the Zoom video conference **at least 5 minutes** **before** the start of the ENE to ensure that the ENE begins on time.

///

---

[1] If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.

[2] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

4.      Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person ENE.  That is, the Court will begin the ENE with all participants joined together in a main session.  After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[3]  In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence.  Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

5.      All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person.

6.      If the case does not settle during the ENE, the Court will hold the CMC immediately following the ENE with counsel only.

///

---

[3]     For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDISON CORPUZ, individually and on behalf of all others similarly situated,<br><br>         Plaintiff(s),<br><br>v.<br><br>BAYER CORPORATION,<br>         Defendant(s). | Case No.:  22-cv-01085-MMA-JLB<br><br>**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE** |

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties ☐ Consent  /  ☐ Do Not Consent\*

to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed Names* | *Signatures of all parties **and** counsel for all parties* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |

## REFERENCE ORDER

**IT IS ORDERED:** This case is referred to United States Magistrate Judge _____ to conduct all proceedings and order entry of a final judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and CivLR 73.1.

_____          _____
Date                         United States District Judge

\*  Pursuant to Civil Local Rule 73.1, **if (and only if) all parties have consented** to the reference to a magistrate judge, then Plaintiff shall file the consent form(s) in paper format at the Clerk's Office.