Charles D. Moore (admitted *pro hac vice*)
REESE LLP
121 N. Washington Ave, 4th Floor
Minneapolis, MN 55401
Email: cmoore@reesellp.com
Tel.: (212) 643-0500
Fax: (212)523-4272
*Attorneys for Plaintiff Edison Corpuz*
(*Additional Attorney for Plaintiff on Subsequent Page*)

Amy P. Lally (SBN 198555)
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Email: alally@sidley.com
Tel.: (310) 595-9500
Fax: (310) 595-9501

*Attorneys for Defendant Bayer Corporation*
(*Additional Attorney for Defendant on Subsequent Page*)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

EDISON CORPUZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BAYER CORPORATION,

Defendant.

Case No. 3:22-cv-01085-MMA-JLB

**JOINT RULE 16(b)/26(f) REPORT**

Date: May 9, 2023
Time: 1:45 PM
Hon. Jill L. Burkhardt

*Additional Counsel for Plaintiff*


Michael R. Reese (SBN 206773)
Sue J. Nam (SBN 206729)
REESE LLP
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Email: *mreese@reesellp.com*
*snam@reesellp.com*

George V. Granade (SBN 316050)
REESE LLP
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile (212) 253-4272
Email: *ggranade@reesellp.com*


*Additional Counsel for Defendant*


Jonathan F. Cohn* (NY 2972578)
Joshua J. Fougere* (NY 4805214)
Madeleine Joseph*† (MA 703541)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Tel: (202) 736-8000
Fax: (202) 736-8711
Email: jfcohn@sidley.com
jfougere@sidley.com
mjoseph@sidley.com

Michelle Ramirez* (IL 6301170)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
Email: michelle.ramirez@sidley.com


* Admitted *pro hac vice*.
† Admitted only in Massachusetts; supervised by principals of the firm who are members in good standing of the D.C. Bar.

Plaintiff Edison Corpuz ("Plaintiff") and Defendant Bayer Corporation ("Defendant" or "Bayer") (together with Plaintiff, the "Parties") respectfully submit this Joint Rule 16(b)/26(f) report in advance of the Early Neutral Evaluation Conference and Case Management Conference set for May 9, 2023.

# I. STATEMENT OF THE CASE

## A. Plaintiff's Statement of the Case

The action arises out of Defendant's marketing and sales of its One a Day Natural Fruit Bites products[1] ("Products") as "natural." Plaintiff and reasonable consumers believe "natural" products do not contain non-natural or synthetic ingredients. Compl. ¶¶ 2, 9. Despite claiming to be "natural," the Products contain several non-natural, synthetic ingredients, including cholecalciferol, niacinamide, pyridoxine hydrochloride, d-biotin, and potassium iodide. Compl. ¶ 16. As explained in great detail in the Complaint, each of these ingredients is manufactured through a chemical process. *Id.* Plaintiff brings a claim under the California Consumer Remedies Act ("CLRA") to rectify this deceptive practice, seeking both monetary and injunctive relief. *Id.* ¶ 37-53.

Defendant moved to dismiss the claim, arguing, "reasonable consumers would *not* expect the bite-sized, chewy, obviously manufactured [OAD] product . . . to have been created solely by nature, without the use of some chemical process," and the Plaintiff's definition of "natural" is "extreme" and implausible. Order Denying Defendant's Motion to Dismiss ("Order"), ECF No. 22, at 7 (modifications and emphasis in original). But the Court rejected Defendant's argument, noting, "[n]umerous courts in the Ninth Circuit have found it plausible that a reasonable consumer would understand similar labeling involving 'natural' to mean that a product does not contain any non-natural ingredients." *Id.*(citation omitted).

## B. Defendants' Statement of the Case

The Natural Fruit Bites Multivitamin label is not deceptive, and Bayer denies the

[1] The Products come in four varieties: Men's, Women's, Men's 50+, and Women's 50+. All make the "natural" claim.

claims in the Complaint. *See* Def's Ans. to Compl. (ECF No. 32). The claims are premised on Plaintiff's unreasonable personal belief that the chewy "bites" containing large doses of vitamins and minerals would be free from anything "formulated or manufactured by a chemical process or by a process that chemically changes substance extracted from natural[] . . . sources." Compl. ¶9; *see also* Compl. ¶ 19. Reasonable consumers do not share Plaintiff's belief and would not be deceived by the label.

Reasonable consumers understand that the Fruit Bites—which are small, obviously-manufactured squares packed with ten vitamins and minerals—are not created solely by nature. Indeed, it is virtually impossible to fuse large quantities of vitamins and minerals into a "bite," or any form that can be chewed and absorbed, without some chemical changes to some ingredients. Consumers (to the extent this issue is material to them at all) appreciate that multivitamins contain synthetic ingredients, even when the label says "natural." Plaintiff has not pointed to any multivitamin product on the market that fits his definition that term. And there is no reason to think that consumers would assume that Bayer's products are unique.

Even if some consumers found the label ambiguous, the label as a whole makes clear that the word "natural" in Natural Fruit Bites modifies "fruit" and does not imply that every single ingredient is 100% natural. The word "natural" appears next to the word "fruit," and the label displays an image of an apple still on the vine. The Supplement Facts section displays the natural fruit ingredients and plainly discloses that the multivitamin is composed of common synthetic versions of the vitamins. *See* Def's Mot. for Judicial Notice, Ex. K (ECF No. 22-1). The label is therefore not deceptive, and Plaintiff's assumptions about the label are not shared by a significant number of reasonable consumers or typical of the putative class.

## II. RULE 26(F) DISCOVERY ISSUES

### A. Rule 26(a) Disclosures

The Parties agree that, at this time, there is no need for changes to the Rule 26(a) disclosures or the discovery limitations. The Parties will exchange their Initial

Disclosures by June 1, 2023.

**B. Anticipated Scope of Discovery**

Plaintiff intends to serve interrogatories, document requests, and requests for admissions regarding Plaintiff's allegations in his Complaint, as well as Defendant's Affirmative Defenses in its Answer, including, but not limited to: (a) Product packaging, labeling, marketing, and advertising, as well as internal and external communications in respect thereto; (b) consumer research, including surveys, regarding the "natural" claims as well as pricing of the Products; (c) the manufacturing of the Products and ingredients; (d) consumer, industry, or regulatory body complaints regarding the natural claims; and (e) sales data on the Products. Plaintiff also intends to depose a Bayer representative; Bayer employees knowledgeable of: the Products, their manufacture, the ingredients, marketing, consumer research, and sales data; Defendant's expert(s), and/or any other fact witnesses identified by Defendant. Plaintiff also intends to engage expert(s). Plaintiff may server subpoenas on Defendant's supplier(s) to ascertain the manufacturing process for the ingredients.

Bayer intends to serve interrogatories, document requests, and requests for admissions regarding Plaintiff's allegations in his Complaint, including, but not limited to: (a) his alleged purchase(s) of the Products; (b) knowledge of the Products' contents; (c) communications about the Products; and (d) support for his allegations. Bayer also intends to depose Plaintiff, Plaintiff's expert(s), and/or any other fact witnesses identified by Plaintiff. Bayer also intends to engage expert(s).

The Parties further agree that the discovery should not be phased or otherwise limited; however, the Parties reserve rights to assert objections to specific discovery as they deem appropriate.

**C. Privilege and Electronically Stored Information Issues**

The Parties will file a proposed Protective Order and ESI protocol with the Court on or before June 2, 2023, as laid out in the Court's tentative schedule. The Protective Order will provide a procedure to protect confidential business, financial, trade secret,

or other information that may be protected from disclosure, and will provide a procedure for asserting claims of privilege after production, among other things. The ESI protocol will provide guidelines for production-related procedures.

## III. ADDITIONAL DISCOVERY ISSUES

### A. Witness Statements

The Parties are continuing to investigate the claims and expect to identify additional witnesses in their Rule 26 disclosures.

At this stage, Plaintiff identifies the following individuals or categories of individuals that may be percipient witnesses on the primary issues in the case:

1. Corporate representative(s) of Bayer that can speak on the following topics:
    a. Product packaging, labeling, marketing, and advertising, as well as internal and external communications in respect thereto;
    b. Consumer research, including surveys, regarding the "natural" claims as well as pricing of the Products;
    c. The manufacturing of the Products and ingredients;
    d. Consumer, industry, or regulatory body complaints regarding the natural claims; and
    e. Sales data on the Products.
2. Employees of Bayer with special knowledge in any of the above categories.

Plaintiff believes these witnesses will have evidence relevant to determining: a) consumer perceptions of the labels, including the "natural" claim; b) whether the Products are manufactured with non-natural, synthetic ingredients; and c) whether Plaintiff and the class members paid a premium price for the Products, and if so, how much.

At this stage, Bayer identifies the following individuals or categories of

individuals that may be percipient witnesses on the primary issues in the case:

3. Plaintiff Edison Corpuz.

4. Current and former employees of Bayer who:

a. Marketed Natural Fruit Bites Multivitamins.

b. Developed or formulated Natural Fruit Bites Multivitamins.

Bayer states that these witnesses are relevant to resolving any motion for class certification or summary judgment.

Additional witnesses may be identified as discovery proceeds, and the Parties reserve their rights to amend or supplement this list.

**B. Documents Requested for Production**

Plaintiff intends to seek documents related to the following categories: a) Product packaging, labeling, marketing, and advertising, as well as internal and external communications in respect thereto; (b) consumer research, including surveys, regarding the "natural" claims as well as pricing of the Products; (c) the manufacturing of the Products and ingredients; (d) consumer, industry, or regulatory body complaints regarding the natural claims; and (e) sales data on the Products.

As discussed in Part II.B, Bayer intends to request documents regarding Plaintiff's allegations in his Complaint, including, but not limited to: (a) his alleged purchase(s) of the Products; (b) knowledge of the Products' contents; (c) communications about the Products; and (d) support for his allegations.

**C. Discovery to Enable Settlement Evaluation**

Plaintiff believes discovery related to sales data will enable him to properly value both the individual and class claims. Plaintiff is willing to seek such information on a limited basis under FRE 408, if that would expedite settlement discussions.

Defendant will review Plaintiff's documents if any, demonstrating (a) that reasonable consumers as a class misconstrue the label and (b) that the other elements of the cause of action and class certification are met.

**D. Issues Implicating Expert Evidence and Anticipated *Daubert* Objections**

The Parties agree that the following issues (and potentially others) in the case likely implicate expert evidence:

Consumers' understanding of the word "natural" on the Products' labels.

Whether the word "natural" on the product label is material to consumers.

Whether consumers paid a price premium or otherwise incurred any damages.

Without exchanging expert designations or investigation the grounds for expert opinions, the Parties agree that it is premature to determine whether *Daubert* objections are likely. The parties reserve their right to raise objections when they arise.

**E. Threshold Legal Issues for Motion for Summary Judgment**

Legal issues include but are not necessarily limited to:

Whether a reasonable consumer's understanding of the word "natural" can be determined as a matter of law. If so, what is that understanding, and do the Products fit within that understanding.

Whether the ingredients can be defined as non-natural and/or synthetic as a matter of law. If so, are the ingredients non-natural and/or synthetic.

Whether the materiality of the "natural" statement can be determined as a matter of law. If so, was the statement material to reasonable consumers.

Whether it can be determined as a matter of law that consumers paid a premium price for the Products. If so, did consumers pay a premium price for the Products.

**F. Procedure for Claims of Privilege and Anticipated Protective Orders**

As stated, the Parties will file a proposed Protective Order with the Court on or before June 2, 2023, as laid out in the Court's tentative schedule. The Protective Order will provide a procedure for asserting claims of privilege after production.

**G. Proposed Schedule**

The Parties request modifications to the Court's tentative schedule and propose the following deadlines.

| | |
|---|---|
| Filing of any motion for entry of a stipulated protective order governing discovery | June 2, 2023 |
| Filing of motions to amend pleadings and/or add parties | August 9, 2023 |
| Completion of fact discovery | January 12, 2024 |
| The date by which a motion for class certification will be filed | February 12, 2024 |

Once the motion for class certification is filed, the parties will meet and confer on the need for any expert discovery, the deadlines for any such discovery, and a briefing schedule.

Dated: April 28, 2023

Respectfully submitted,

*/s/ Charles D. Moore*
Charles D. Moore (admitted *pro hac vice*)
REESE LLP
121 N. Washington Ave, 4th Floor
Minneapolis, MN 55401
Email: cmoore@reesellp.com
Tel.: (212) 643-0500
Fax: (212)523-4272

Michael R. Reese (SBN 206773)
Sue J. Nam (SBN 206729)
REESE LLP
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Email: *mreese@reesellp.com*
*snam@reesellp.com*

George V. Granade (SBN 316050)
REESE LLP
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile (212) 253-4272
Email: *ggranade@reesellp.com*

*Attorneys for Plaintiff and the putative class*

Dated: April 28, 2023

Respectfully submitted,

*/s/ Amy P. Lally*
Amy P. Lally (SBN 198555)
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Tel: (310) 595-9500
Fax: (310) 595-9501
Email: alally@sidley.com

Jonathan F. Cohn* (NY 2972578)
Joshua J. Fougere* (NY 4805214)
Madeleine Joseph* † (MA 703541)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Tel: (202) 736-8000
Fax: (202) 736-8711
Email: jfcohn@sidley.com
jfougere@sidley.com
mjoseph@sidley.com

Michelle Ramirez* (IL 6301170)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
Email: michelle.ramirez@sidley.com

*Attorneys for Defendant Bayer Corporation*

* Admitted *pro hac vice*.
† Admitted only in Massachusetts; supervised by principals of the firm who are members in good standing of the D.C. Bar.