Jonathan F. Cohn* (NY 2972578)
Shannon Grammel* (KS 29105)
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave., NW
Washington, DC 20001
Email: jon@lkcfirm.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

Katherine C. Yarger* (CO 40387)
LEHOTSKY KELLER COHN LLP
700 Colorado Blvd., #407
Denver, CO 80206
Email: katie@lkcfirm.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

*Attorneys for Defendant Bayer Corporation*
(*Additional Attorney for Defendant on Subsequent Page*)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDISON CORPUZ, DENIECE DRAKE, DEBORAH BOWLING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION,<br><br>Defendant. | Case No. 3:22-cv-01085-MMA-JLB<br><br>**REPLY IN SUPPORT OF DEFENDANT BAYER CORPORATION'S MOTION TO DISMISS THE AMENDED COMPLAINT** |

*Additional Counsel for Defendant*

Leah F. Bower* (TX 24107585)
LEHOTSKY KELLER COHN LLP
919 Congress Ave, Suite #1100
Austin, TX 78701
Email: leah@lkcfirm.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

* Admitted *pro hac vice*.

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................ 1

ARGUMENT ............................................................................................... 1

A. *McGinity* Forecloses Plaintiffs' Claims…… ............................................. 1

B. Plaintiffs' Reliance on Cases Predating *McGinity* is Misplaced. ................. 5

CONCLUSION ........................................................................................... 7

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Balser v. Hain Celestial Grp.*,
640 F. App'x 694 (9th Cir. 2016) .......... 5, 6

*Brown v. Kellogg Sales Co.*,
No. 1:20-CV-7283-ALC, 2022 WL 992627 (S.D.N.Y. Mar. 31, 2022) .......... 6

*Bruno v. Burt's Bees, Inc.*,
No. LA CV 22-2306-SPG-KS, 2022 WL 17224716 (C.D. Cal. Aug. 25, 2022) .......... 6

*Ebner v. Fresh, Inc.*,
838 F.3d 958 (9th Cir. 2016) .......... 4, 6

*Janney v. Mills*,
944 F. Supp. 2d 806 (N.D. Cal. 2013) .......... 5

*McGinity v. Procter & Gamble Co.*,
69 F.4th 1093 (9th Cir. 2023) .......... 1, 2, 3, 4, 5, 6, 7

*McGinity v. Procter & Gamble Co.*,
No. 4:20-CV-08164-YGR, 2021 WL 3886048 (N.D. Cal. Aug. 31, 2021) .......... 1, 2, 3, 4, 5, 6

*Mohamed v. Uber Techs., Inc.*,
848 F.3d 1201 (9th Cir. 2016) .......... 2

*Moore v. GlaxoSmithKline Consumer HealthCare Holdings*,
No. 20-CV-09077-JSW, 2021 WL 3524047 (N.D. Cal. Aug. 6, 2021) .......... 5

*Roper v. Big Heart Pet Brands, Inc.*,
510 F. Supp. 3d 903 (E.D. Cal. 2020) .......... 5

*Steinberg v. Icelandic Provisions, Inc.*,
No. 21-CV-05568-EMC, 2022 WL 220641 (N.D. Cal. Jan. 25, 2022) .......... 7

*Steinberg v. Icelandic Provisions, Inc.*,
No. 22-15287, 2023 WL 3918257 (9th Cir. June 9, 2023) .................................. 7

*Tandon v. Newsom*,
992 F.3d 916 (9th Cir. 2021) ........................................................................ 3

*Van Orden v. Hikari Sales U.S.A., Inc.*,
No. 122CV504MADDJS, 2023 WL 5336813 (N.D.N.Y. Aug. 18, 2023) ............................................................................................................ 7

*Williams v. Gerber Prods.*,
838 F.3d 934 (9th Cir. 2008) ........................................................................ 6

**Other Authorities**

21 C.F.R. § 101.9 ............................................................................................. 1

Fed. R. Civ. P. 12 ............................................................................................. 7

## INTRODUCTION

Bayer does not "present[] the same arguments today that it made in its initial motion," as Plaintiffs contend in their opposition (at 1). Rather, Bayer relies on the Ninth Circuit's intervening—and binding—decision in *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093 (9th Cir. 2023), which rejected a similar challenge by the same plaintiffs' counsel. *McGinity* is clear and dispositive: "Unlike a label declaring that a product is '100% natural' or 'all natural,'" use of the term "nature" "does not promise that the product is wholly natural," or indicate "what *proportion* of the ingredients are *natural*." *Id*. at 1098-99 (emphasis added).

Plaintiffs' response is meritless. It is true that *McGinity* concerned the name "*Nature* Fusion" and not "*Natural* Fruit Bites." *Id.* at 1098. But *McGinity* used the terms "nature" and "natural" interchangeably. Further, just as the noun "nature" does not indicate "what proportion of the ingredients are natural," the adjective "natural" does not indicate what proportion is natural. Neither term promises that the product is "100% natural" or "all natural." In both cases, a reasonable consumer would look at the back label, which plainly discloses the ingredients in the ingredient list.[1]

## ARGUMENT

### A. *McGinity* Forecloses Plaintiffs' Claims.

As in *McGinity*, the Natural Fruit Bites label would not deceive the reasonable consumer. Plaintiffs tie themselves in knots asking this Court to disregard *McGinity*. None of Plaintiffs' arguments are persuasive.

[1] This case is not about "multivitamins that are filled with synthetic and highly processed ingredients," *e.g.*, Resp. 1—as Plaintiffs know full well. Indeed, it is undisputed that Bayer's One a Day Natural Fruit Bites contain primarily apples and do not contain any synthetic colors, flavors, or additives. The Amended Complaint alleges only that some vitamins in the multivitamin product are "synthetic," having undergone a "chemical process." Dkt. 69, Am. Compl. ¶¶ 9, 12. Moreover, contrary to Plaintiffs' rhetoric, the FDA recognizes there is no functional difference between synthetic and food-derived forms of vitamins. Indeed, the agency considers a product "misbranded" if its label "represents, suggests, or implies" that a "natural vitamin in a food is superior to an added or synthetic vitamin." 21 C.F.R. § 101.9(k)(4).

First, as noted, Plaintiffs contend there is a distinction between "nature" and "natural." But, ironically, the same attorneys argued the exact opposite in *McGinity*. They urged the district court to consider "the word 'Nature' ***as synonymous with*** the word 'Natural.'" *See McGinity v. Procter & Gamble Co*., No. 4:20-CV-08164-YGR, 2021 WL 3886048, at *2 (N.D. Cal. Aug. 31, 2021), *aff'd*, 69 F.4th 1093 (9th Cir. 2023) (emphasis added). On appeal, they likewise argued that the name "Nature Fusion" "represent[ed] that the Products are *natural*." 69 F.4th at 1096 (emphasis added) (quoting allegation); *see also McGinity*, 2021 WL 3886048, at *2 ("The crux of plaintiff's allegations is that [Defendant's] labeling is deceptive because it causes reasonable consumers to believe that [the challenged] products do not contain synthetic or non-natural ingredients."). The Ninth Circuit agreed. The court drew no distinction between nouns ("nature") and adjectives ("natural"). Instead, it ruled against plaintiffs because "nature" does not indicate "what *proportion* of the ingredients are *natural*." *McGinity*, 69 F.4th at 1098 (emphasis added).

Second, Plaintiffs argue that the Ninth Circuit's decision "was a purely factually driven analysis based on a different factual pattern." Resp. 18; *see id.* at 7-8. But nowhere did the Ninth Circuit confine its ruling to the precise facts before it. The decision is published, binding, and no more limited to its facts than any other appellate decision. District courts "do[ ] not have the authority to ignore circuit court precedent," and "[b]inding authority must be followed." *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016). Nor do courts "have license to adopt a cramped reading of a case or to create razor-thin distinctions to evade the reach of precedent." *Tandon v. Newsom*, 992 F.3d 916, 937 (9th Cir. 2021) (Bumatay, J., dissenting) (cleaned up). *McGinity* held that "nature" and "natural" do not promise "what proportion of the ingredients are natural," *McGinity*, 69 F.4th at 1098, and that holding applies equally here.

Third, Plaintiffs argue that the ingredient list does not indicate there are synthetic ingredients. Resp. 15-16. Plaintiffs' counsel made the same argument in *McGinity*. *See* Br. of Appellant Sean McGinity, 2022 WL 2052820, at 35-36 (9th Cir. 2022). The Ninth Circuit rejected it. 69 F.4th at 1099 (confirming that the ingredient list "clarifie[d] . . . that the products . . . contain both natural and synthetic ingredients"); *see also McGinity*, 2021 WL 3886048, at *3 ("[P]laintiff has not sufficiently alleged how a reasonable consumer would be deceived into believing that the products did not contain any synthetic ingredients given the express inclusion of such ingredients on the product[']s packaging.").

In *McGinity*, the ingredient list included ingredients that were self-evidently synthetic: "cocamidopropyl betaine," "sodium xylenesulfonate," "methylchloroiso-thiazolinone," and "methylisothiazolinone." *See* Br. of Appellant Sean McGinity, 2022 WL 2052820, at 10 (9th Cir. 2022). Likewise, here, the ingredient list discloses "pyridoxine hydrochloride," "cholecalciferol," and "di-alpha-tocopheryl acetate." Defs. Motion for Judicial Notice, Ex. F (cited at Resp. 5). No reasonable consumer would be "deceived into believing" that any of these chemical compounds grows on a tree.[2] Just as "cocamidopropyl betaine" is obviously non-natural, so is "pyridoxine hydrochloride." Plaintiffs identify no difference or any basis to cast aside *McGinity*.

Fourth, again attempting to limit *McGinity* to its precise facts, Plaintiffs assert (at 12-13) "[t]here is no statement similar to 'Smoothness Inspired by Nature' and 'NatureFusion Smoothing System with Avocado Oil.'" These statements, Plaintiffs argue, "drew a direct line between the 'Nature Fusion' statement on the front and its limitation to just avocado on the back." But the label here is even *more* straightforward: the term "natural" appears right next to the image of two apples on

[2] Plaintiffs' insistence that "[t]he ingredient list does not clarify which ingredients are synthetic," Resp. 15, is also somewhat disingenuous, as there is no dispute that the entire product is natural except for the synthetic versions of the vitamins included. *See* Am. Compl. ¶¶ 9, 16.

the front, while the ingredient list discloses the apples—and the synthetic vitamins—on the back.[3] The label thus draws a "direct line" between "natural" and the fruit far better than the nebulous descriptors that Plaintiffs point to in *McGinity*.[4]

Further, while it is plausible that some consumer, somewhere could make a mistake, "the reasonable consumer standard requires more than a mere possibility that the label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *McGinity*, 69 F.4th at 1097 (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)). The question here is whether "a significant portion of the general consuming public or of targeted consumers, acting reasonably" would recognize that the ingredient list displayed on Bayer's One a Day Natural Fruit Bites label includes both natural and synthetic ingredients. *Id.* (quoting *Ebner*, 838 F.3d at 965). Plaintiffs have not shown that is plausible in light of *McGinity*, in which the challenged product similarly disclosed synthetic ingredients in the ingredient list.

Finally, Plaintiffs point out (at 11) that in *McGinity*, their attorneys presented a survey showing that about 50% of respondents thought that "Nature Fusion" was all natural. Here, Plaintiffs' attorneys present no survey at all. It is unclear why the lack of a survey showing confusion somehow supports Plaintiffs' position. Regardless, the survey in *McGinity* had little-to-no impact on the court's decision: the court explained that "the survey is not particularly instructive or helpful," because "the survey participants did not have access to the back label of the products" which "undermines

---

[3] Indeed, the actual Natural Fruit Bites label—as opposed to the picture in the complaint—is even more clear. The actual label states "made with real fruit" and "fruit is the first ingredient," indicating what is natural. In discovery, Bayer produced to Plaintiffs the actual label—which Plaintiffs presumably already had if in fact they bought the product—but Plaintiffs continue to rely on a picture they found on the internet which is not the actual label.

[4] That the word "Natural" appears "on a different line than the phrase 'fruit bites'" and in a smaller font by far, *see* Resp. 14, cuts *against* Plaintiffs, not for them. Bayer did not emphasize the word "natural" the way the labels did in the numerous cases Plaintiffs cite, which deemed use of "100%" or "all" natural misleading. *See infra*, Section II.B & n. 5.

the extent to which we can fairly rely on the survey results as being instructive of how the 'reasonable consumer'" perceives the label. 69 F.4th at 1099.

**B. Plaintiffs' Reliance on Cases Predating *McGinity* is Misplaced.**

Because *McGinity* disposes of Plaintiffs' claims, Plaintiffs rely heavily on cases that pre-date *McGinity* and are readily distinguishable. None saves the complaint.

As an initial matter, the vast majority of cases Plaintiffs rely on (both in the text and lengthy footnotes) address labels lauding a product as "all natural" or "100% natural," when that product actually contains artificial sweeteners, flavors, or colors, or other highly processed ingredients.[5] These cases do not conflict with *McGinity*, nor with Bayer's argument that dismissal is appropriate where, as here, a label says only "natural" and does not indicate the proportion that is natural.

Plaintiffs also inexplicably suggest that this Court should eschew *McGinity*'s reasoning in favor of an earlier, unpublished opinion, *Balser v. Hain Celestial Grp.*, 640 F. App'x 694, 696 (9th Cir. 2016). But *Balser* has little to add to the conversation, and unlike *McGinity*, is not binding precedent. In *Balser*, the Ninth Circuit remanded to the district court a plaintiff's consumer deception claim when a manufacturer relied on the phrase "100% Vegetarian" in addition to the term natural. *Id.* Likewise,

---

[5] *See, e.g.*, Resp. at 11 (citing *Janney v. Mills*, 944 F. Supp. 2d 806, 817 (N.D. Cal. 2013) ("The basis of plaintiffs' claims is that General Mills has falsely represented that its Nature Valley® products are 'All Natural' or '100% Natural,' despite knowing that they contain processed sweeteners.")); *id.* at 2, n.2 (first citing *Moore v. GlaxoSmithKline Consumer HealthCare Holdings,* No. 20-CV-09077-JSW, 2021 WL 3524047, at *8 (N.D. Cal. Aug. 6, 2021) ("Plaintiff alleges that Defendants' use of the phrases '100% Natural,' 'Natural,' 'Naturally Sourced Ingredients,' and '100% Naturally Sourced Ingredients' on the Products' labels leads reasonable consumers to believe that the Products contain no non-natural, synthetic, artificial, or highly processed ingredients."); and then citing *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 909 (E.D. Cal. 2020) ("[P]laintiff alleges [defendant] has labeled and advertised a series of products ('Products') with the representations 'All Natural' . . . [which] contain non-natural, artificial, and synthetic ingredients including sodium tripolyphosphate.")).

Plaintiffs' reliance on *Bruno v. Burt's Bees, Inc.*, No. LA CV 22-2306-SPG-KS, 2022 WL 17224716, at *4 (C.D. Cal. Aug. 25, 2022), does not advance their arguments. In *Bruno*, the court rejected a manufacturer's arguments that its lip balm label was ambiguous, rather than deceptive. The label in *Bruno* referred to the product as "100% natural," although it contained hydrogenated castor oil. *Id*.

Neither case controls here. Unlike in *Balser* and *Bruno*, Bayer's One a Day Natural Fruit Bites' label—like the defendant's label in *McGinity*—makes "no affirmative promise about what proportion of the ingredients are natural" and displays text and image that are consistent with the natural ingredients included in the product. 69 F.4th at 1098.

Next, Plaintiffs suggest that *Williams v. Gerber Prods.*, 838 F.3d 934 (9th Cir. 2008), rather than *McGinity*, controls. But while *Williams* provides a helpful contrast, the facts of this case mirror those in *McGinity*. In *Williams*, the court deemed a label deceptive where the name "Fruit Juice snacks" overlaid pictures of "oranges, peaches, strawberries, and cherries,"—***none of which were actually included*** in the snacks that consisted primarily of sugar and corn syrup. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 966 (9th Cir. 2016) (discussing *Williams*). A "reasonable consumer," the court explained, "is not expected to 'look beyond misleading representations'" to "discover the truth" in "small print" that *contradicts* the front label. *Id*. (quoting *Williams*, 838 F.3d at 939). In *McGinity*, however, the Court concluded the label was not deceptive where the name "Nature Fusion" was featured next to the image of an avocado and vitamin on the front label, and the back label *confirmed* that the natural ingredient was indeed avocado oil. *See also, e.g.*, *Brown v. Kellogg Sales Co*., No. 1:20-CV-7283-ALC, 2022 WL 992627, at *6 (S.D.N.Y. Mar. 31, 2022) ("[E]ven if one assumes that the product label is ambiguous about the amount of strawberries in the Product . . . the ambiguity is resolved by reference to the list of ingredients or a Nutrition Facts panel."); *Van Orden v. Hikari Sales U.S.A., Inc.*, No. 122CV504MADDJS, 2023 WL

5336813, at *5 (N.D.N.Y. Aug. 18, 2023) ("Where, as here, a label contains no affirmative misrepresentations, any potential ambiguity could be resolved by the back panel of the products, which listed all ingredients . . . ." (internal quotation marks and citation omitted)).

Finally, in *Steinberg v. Icelandic Provisions, Inc.*, No. 22-15287, 2023 WL 3918257, at *1 (9th Cir. June 9, 2023), the same plaintiffs' counsel as in this case claimed that the product "Icelandic Provisions" would "deceive a reasonable consumer to believe that the product is manufactured in Iceland." The district court pointed out, however, that the plaintiff's narrow claim of deception was "weakened by the undisputed fact that," although the product itself was manufactured in New York, "the Product's Icelandic heirloom skyr cultures . . . *are in fact from Iceland.*" *Steinberg v. Icelandic Provisions, Inc.*, No. 21-CV-05568-EMC, 2022 WL 220641, at *6 (N.D. Cal. Jan. 25, 2022). The Ninth Circuit summarily affirmed because any ambiguity was further "'resolved by reference to the back label,' which accurately states that the product is manufactured in New York." *Steinberg*, 2023 WL 3918257, at *1 (quoting *McGinity*, 69 F.4th at 1098). In the same way, here, Plaintiffs' claim is weakened by the undisputed fact that the product is indeed "made with real fruit" which is "natural," and any remaining ambiguity is resolved by reference to the back label, which accurately states that the natural fruit ingredient is apples.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss the complaint in its entirety for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Alternatively, as discussed in Bayer's opening brief, this Court should reconsider its prior order denying Bayer's motion to dismiss and issue a revised order dismissing Plaintiffs' claims.

Dated: October 19, 2023

Respectfully submitted,

*/s/ Jonathan F. Cohn*

Jonathan F. Cohn* (NY 2972578)
Shannon Grammel* (KS 29105)
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave., NW
Washington, DC 20001
Email: jon@lkcfirm.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

Katherine C. Yarger* (CO 40387)
LEHOTSKY KELLER COHN LLP
700 Colorado Blvd., #407
Denver, CO 80206
Email: katie@lkcfirm.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

Leah F. Bower* (TX 24107585)
LEHOTSKY KELLER COHN LLP
919 Congress Ave, Suite #1100
Austin, TX 78701
Email: leah@lkcfirm.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

*Attorneys for Defendant Bayer Corporation*
* Admitted *pro hac vice*.