# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDISON CORPUZ, *individually and on behalf of all others similarly situated*, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION,<br><br>Defendant. | Case No. 22-cv-1085-MMA (JLB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 70] |

Pending before the Court is Defendant Bayer Corporation's ("Defendant") motion to dismiss Plaintiffs Edison Corpuz, Deniece Drake, and Deborah Bowling's ("Plaintiffs") First Amended Complaint. Doc. No. 70. Plaintiffs filed an opposition, Doc. No. 74, and Defendant replied, Doc. No. 77. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 78. For the reasons set forth below, the Court **DENIES** Defendant's motion to dismiss.

## I. Background[1]

This putative class action involves Defendant's popular "One A Day" ("OAD") line of multivitamins. Doc. No. 69 (First Amended Complaint, the "FAC") ¶¶ 1, 12. Specifically, Plaintiffs' FAC concerns Defendant's OAD Natural Fruit Bites Multivitamin products (the "Products"), including the following "four varieties: Men's, Women's, Men's 50+, and Women's 50+." *Id.* ¶ 1 n.1. Plaintiffs allege Defendant's "advertising and marketing campaign is false, deceptive, and misleading" because it holds its Products out as "natural" even though they "contain non-natural, synthetic ingredients." *Id.* ¶¶ 1–2.

Plaintiff Corpuz filed his initial complaint on July 25, 2022, alleging a violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, as his sole cause of action. Doc. No. 1. On October 5, 2022, Defendant moved to dismiss Corpuz's complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. No. 22. On February 28, 2023, the Court denied Defendant's motion to dismiss, finding that Corpuz alleged with sufficient plausibility that a reasonable consumer would likely be deceived by the term "natural" used on Defendant's Products. Doc. No. 26. In response to this Order, Defendant filed an answer to Corpuz's complaint on March 27, 2023. Doc. No. 32.

On August 15, 2023, while discovery was well underway, Corpuz and Defendant filed a joint motion for leave to file an amended complaint, which the Court granted. Doc. Nos. 65; 66. The FAC, which Plaintiffs filed on August 24, 2023, added two new individual Plaintiffs—Drake and Bowling[2]—as well as two new causes of action for false advertising under New York General Business Law §§ 349 and 350. *See generally* FAC. In addition, Plaintiffs reallege a violation of the CLRA and include largely the same

---

[1] Reviewing Defendant's motion to dismiss, the Court accepts as true all facts alleged in the FAC and construes them in the light most favorable to Plaintiffs. *See Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017).
[2] Drake is a citizen of New York and Bowling is a citizen of California. FAC ¶¶ 11, 14.

factual allegations as in Corpuz's original complaint, which the Court further detailed in its February 28, 2023 Order denying Defendant's motion to dismiss. *See Corpuz v. Bayer Corp.*, No. 22-CV-1085-MMA (JLB), 2023 WL 2292579, at *1–2 (S.D. Cal. Feb. 28, 2023). The Court incorporates that discussion by reference here.

In the instant motion, Defendant again moves to dismiss Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 70.

## II. LEGAL STANDARD

Under Rule 12(b)(6),[3] a district court must dismiss if a claim fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the claimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a claim must be supported by facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

## III. REQUEST FOR JUDICIAL NOTICE

As an initial matter, Defendant asks the Court to take judicial notice of several exhibits in support of its motion to dismiss. *See* Doc. No. 70-2. The Court finds that it need not determine if judicial notice is appropriate in this case because Defendant's exhibits do not bear on the Court's analysis below. As such, the Court **DENIES** Defendant's request for judicial notice.

///

---

[3] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

# IV. DISCUSSION

"To prevail on their consumer fraud claims under New York and California law, Plaintiffs must establish that [Defendant's] allegedly deceptive advertisements were likely to mislead a reasonable consumer acting reasonably under the circumstances." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (per curiam) (citations omitted). "This is not a negligible burden." *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021). Plaintiffs must allege "more than a mere possibility" that the "label might conceivably be misunderstood by some few customers viewing it in an unreasonable manner." *Id.* (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)). Instead, Plaintiffs must plausibly show that "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances," would share their expectations. *Id.* (quoting *Ebner*, 838 F.3d at 965).

In its previous Order, the Court denied Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's sole cause of action under the CLRA. *See* Doc. No. 26. Significantly, the Court rejected Defendant's argument that no reasonable consumer could be confused by the inclusion of the word "natural" on its Products' labels. *Id.* at 7–9. In addition, the Court ruled that the Ninth Circuit's general prohibition on using an ingredient list to correct a misleading label applied because "Plaintiff sufficiently allege[d] that [Defendant's] Products' labels are deceptive rather than 'ambiguous.'" *Id.* at 9–10. In the instant motion to dismiss, Defendant renews its arguments but now relies on the Ninth Circuit's recent decision in *McGinity v. Procter & Gamble*, 69 F.4th 1093 (9th Cir. 2023) for support. Specifically, Defendant argues that the facts of this case are "near-identical" to *McGinity* and that *McGinity* now "makes clear that Plaintiffs' alleged interpretation [of the word natural on the Products' labels] is unreasonable and implausible." Doc. No. 70-1 sat 11. The Court disagrees.

Defendant incorrectly argues that *McGinity* "drew a clear distinction between products that use the terms 'nature' or 'natural' and products that claim to be '100% natural' or 'all natural.'" *Id.* (citing *McGinity*, 69 F.4th at 1098). Instead, as Plaintiffs

highlight, this portion of *McGinity* "was limited to the phrase 'Nature Fusion.'" Doc. No. 74 at 13. Indeed, the Ninth Circuit in *McGinity* did not espouse any new law and merely reiterates its decision in *Moore v. Trader Joe's Co.*, 4 F.4th 874 (9th Cir. 2021), which this Court distinguished in its previous Order.[4] *See* Doc. No. 26 at 8.

    In *Moore*, the Ninth Circuit held that the label "100% New Zealand Manuka Honey" on Trader Joe's Manuka honey was not likely to deceive a reasonable consumer into believing that the product contained only honey derived from the Manuka flower. *Moore*, 4 F.4th at 876–77. The Ninth Circuit reasoned that there was some ambiguity as to what the phrase "100% New Zealand Manuka Honey" meant. *Id.* at 882. For example, it could mean that the product was 100% Manuka Honey, that it was 100% derived from the Manuka flower, or that 100% of the honey was from New Zealand. *Id.* Given this ambiguity, the Ninth Circuit determined that a reasonable consumer would require more information before he or she could conclude that the honey was derived exclusively from the Manuka flower. *Id.* The Ninth Circuit then identified three other contextual clues on the label that would dissuade a reasonable consumer from the false misconception that the honey was derived exclusively from the Manuka flower: "(1) the impossibility of making a honey that is 100% derived from one floral source, (2) the low price of Trader Joe's Manuka Honey, and (3) the presence of the '10+' on the label, all of which is readily available to anyone browsing the aisles of Trader Joe's." *Id.* at 883. The Ninth Circuit also noted that the label fully complied with the Food and Drug Administration's "Honey Guidelines," which permit honey to be labeled with the name of its chief floral source. *Id.* at 881.

---

[4] To the extent Defendant frames its instant motion as a motion for reconsideration, the Court finds that reconsideration of its previous Order is not warranted. Reconsideration is only appropriate under Rule 60(b)(6) in "extraordinary circumstances," such as an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). As noted recently by another Court in this District, *McGinity* is not an intervening change in controlling law. *Anderberg v. Hain Celestial Grp., Inc.*, No. 21-CV-1794-RBM (SBC), 2023 WL 7311200, at *4 (S.D. Cal. Nov. 6, 2023).

| | |
|---|---|
| 1 | Applying the above decision in *Moore*, the Ninth Circuit in *McGinity* decided that |
| 2 | the term "Nature Fusion" on the front label of Procter & Gamble's shampoos and |
| 3 | conditioners was ambiguous and that the back label, including the ingredient list, could |
| 4 | be used to resolve this ambiguity. *McGinity*, 69 F.4th at 1097–99 ("[h]ere, like in |
| 5 | [*Moore*], there is some ambiguity as to what 'Nature Fusion' means. . . ."). And similar |
| 6 | to the various "clues" on the Manuka honey label in *Moore*, the Ninth Circuit found that |
| 7 | the back label of the "Nature Fusion" products included an ingredient list disclosing the |
| 8 | presence of both natural and synthetic ingredients. *Id.* at 1099. Likewise, the presence of |
| 9 | the phrases "Smoothness Inspired by Nature" and "Nature Fusion Smoothing System |
| 10 | with Avocado Oil" on the label also clarified that Procter & Gamble's "Nature Fusion" |
| 11 | products contain both natural and synthetic ingredients. *Id.* Finally, the Ninth Circuit |
| 12 | noted that a consumer survey conducted by the plaintiff and referenced in the plaintiff's |
| 13 | complaint demonstrated that the majority—69.2%—of consumers thought that the term |
| 14 | "Nature Fusion" meant that the product contained both natural and synthetic ingredients, |
| 15 | which is accurate. *Id.* at 1096. Thus, it was apparent on the face of the plaintiff's |
| 16 | complaint that the term "Nature Fusion" was at worst ambiguous to the reasonable |
| 17 | consumer. *Id.* |
| 18 | Defendant appears to argue that its use of the term "natural" on the front label of |
| 19 | its Products is synonymous to Procter & Gamble's use of the phrase "Nature Fusion" on |
| 20 | its shampoo products that were at issue in *McGinity*. However, Defendant fails to explain |
| 21 | how or why these two phrases are the same. Although the Court agrees with the Ninth |
| 22 | Circuit that the phrase "Nature Fusion" is ambiguous because it "could mean any of a |
| 23 | number of things: that the products are made with a mixture of natural and synthetic |
| 24 | ingredients," *McGinity*, 69 F.4th at 1098, this is wholly different than Defendant's use of |
| 25 | the singular word "natural" on its labels. As in its previous Order, the Court finds that |
| 26 | Plaintiffs sufficiently allege that the Products' labels are deceptive rather than |
| 27 | "ambiguous" because there are no similar contextual clues—such as the word "fusion"— |
| 28 | on the front labels that would alert reasonable consumers to the possibility that the |

Products are not natural and may contain synthetic ingredients.  *See* FAC ¶¶ 20–40; Doc. No. 26 at 8, 10.

Accordingly, the Court again finds that Plaintiffs allege with sufficient plausibility that a reasonable consumer is likely to be deceived by the term "natural" on Defendant's front labels, and **DENIES** Defendant's motion to dismiss the FAC on these grounds.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss.

**IT IS SO ORDERED**.

Dated:  January 5, 2024

HON. MICHAEL M. ANELLO
United States District Judge