# EXHIBIT F

Jonathan F. Cohn* (NY 2972578)
Shannon Grammel* (KS 29105)
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave., NW
Washington, DC 20001
Email: jon@lkcfirm.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

Katherine C. Yarger* (CO 40387)
LEHOTSKY KELLER COHN LLP
700 Colorado Blvd., #407
Denver, CO 80206
Email: katie@lkcfirm.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

*Attorneys for Defendant Bayer Corporation*
(*Additional Attorney for Defendant on Subsequent Page*)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

EDISON CORPUZ, DENIECE DRAKE, DEBORAH BOWLING, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

BAYER CORPORATION,

Defendant.

Case No. 3:22-cv-01085-MMA-JLB

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES (SET TWO)**

*Additional Counsel for Defendant*

Leah F. Bower* (TX 24107585)
LEHOTSKY KELLER COHN LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
Email: leah@lkcfirm.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

* Admitted *pro hac vice*.

## FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33(b), Defendant Bayer Corporation ("Bayer") hereby provides the following supplemental objections and responses to Plaintiffs' Interrogatories (Set Two) ("Interrogatory" or "Interrogatories").

In response to these Interrogatories, Bayer is attempting to conduct a reasonable investigation of sources from which such information might reasonably be expected to be found, subject to the parties' meeting and conferring on a reasonable scope for Plaintiffs' Interrogatories. These responses and objections are based on the best information available to Bayer at the time of gathering responsive materials or information, within the limits of, and subject to, Bayer's general and specific objections to these Interrogatories. Bayer expressly reserves the right to supplement or modify its responses and objections to the Interrogatories if it is able to locate additional responsive information or additional responsive information becomes available. Bayer's objections and responses are made without prejudice to Bayer using or allowing at trial subsequently discovered information or documents or any information omitted from these responses as a result of good faith oversight, error, or mistake.

To the extent that Bayer is willing to provide information that is responsive to any particular Interrogatory, that does not constitute an admission or acknowledgement that the Interrogatory is proper, that the information Plaintiff seeks is within the proper bounds of discovery, or that other or additional Interrogatories for similar information will be treated in a similar fashion. Bayer reserves the right to request the return of any disclosed privileged material pursuant to a protective order.

## GENERAL OBJECTIONS

The following general objections apply to the Definitions and Instructions, and each individual Interrogatory contained or incorporated therein. Bayer incorporates each of the following general objections into the specific objections set forth below.

The assertion of the same or additional objections in any particular response to an Interrogatory does not waive any other objections that are incorporated by reference.

1. Bayer objects to each and every Interrogatory on the ground that Plaintiff has named an incorrect Defendant.

2. Bayer objects to each and every Interrogatory, Definition, and Instruction to the extent that it seeks information outside the scope of permissible discovery under the Federal Rules of Civil Procedure, and to the extent that it seeks to impose requirements or obligations on Bayer in addition to, or different from, those imposed by the Federal Rules of Civil Procedure, the rules of this Court, any applicable orders of this Court, or any stipulation or agreement of the parties.

3. Bayer objects to each and every Interrogatory, Definition, and Instruction to the extent that it is overbroad or unduly burdensome and exceeds the scope of discovery related to class certification and the topics contemplated by the parties. Because this action has not been certified as a class action pursuant to Rule 23, discovery is relevant to the parties' claims or defenses only insofar as it related to the individual claim of the named plaintiff and to issues relevant to class determination. Additionally, in their Joint Rule 16(b)/26(f) Report, the parties agreed that Plaintiff would seek discovery related to: "(a) Product packaging, labeling, marketing, and advertising, as well as internal and external communications in respect thereto; (b) consumer research, including surveys, regarding the 'natural' claims as well as pricing of the Products; (c) the manufacturing of the Products and ingredients; (d) consumer, industry, or regulatory body complaints regarding the natural claims; and (e) sales data on the Products." ECF 34 at 3.[1] Bayer objects to each and every request that is not within the scope of reasonable discovery at this stage of the proceedings.

[1] All pin cites to documents in the record are to the internal pagination in cited documents and not to ECF pagination.

4. Bayer objects to each and every Interrogatory to the extent that it is overbroad and unduly burdensome and seeks information that is already in Plaintiff's possession, custody, or control, including information that is publicly available.

5. Bayer objects to each and every Interrogatory to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery. To the extent that any Interrogatory or part thereof calls for information, legal analysis or reasoning, writings, communications, or anything else protected from disclosure by the work-product doctrine, the attorney-client privilege, any other applicable privilege or protection, or any other applicable law, Bayer will not produce such information or anything else protected from disclosure by virtue of such doctrine or privilege. Inadvertent disclosure shall not constitute a waiver of any privilege or ground for objecting to the disclosure of such information and shall not waive Bayer's right to object to the use of such information. Nothing contained in any of Bayer's specific objections is intended to be, nor may be construed as, a waiver of any such privilege, immunity, or protection.

6. Bayer objects to each and every Interrogatory to the extent that it calls for a legal conclusion.

7. Bayer objects to each and every Interrogatory to the extent that it requires the production of information that contravenes any confidentiality agreement, is proprietary or protected by trade secrets, or would violate the privacy interests of others.

8. Bayer objects to each and every Interrogatory to the extent that it is overbroad and unduly burdensome by seeking information with no time period limitation or imposing unreasonably expansive time period limitations, including beyond the applicable statute of limitations. Under the California Consumers Legal Remedies Act ("CLRA") statute of limitations provision, "[a]ny action brought under the specific provisions of Section 1770 shall be commenced not more than three years

from the date of the commission of such method, act, or practice." Cal. Civ. Code § 1783.

9. Bayer objects to each and every Interrogatory and Definition as overbroad, unduly burdensome, and not related to the parties' claims or defenses to the extent that it seeks information related to One A Day products other than the One A Day Natural Fruit Bites multivitamin products.

10. Bayer objects to each and every Interrogatory and Definition as overbroad, unduly burdensome, and not related to the parties' claims or defenses to the extent that it seeks information related to One A Day products sold outside of California.

11. Bayer objects to Plaintiff's definitions of "Defendant," "You," and "Your" as overbroad, unduly burdensome, and vague where they include any persons and/or entities other than Defendant Bayer Corporation, and particularly where they include "agents," "paid consultants," and "affiliate[s]." Accordingly, the words "Defendant," "You," and "Your" will be construed by Bayer in all Interrogatories as having their normal meaning and pertaining to the persons to whom the Interrogatories are directed.

**SPECIFIC RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 25:**

From July 25, 2019 to the present, identify the label of each Product as it appeared to consumers on the shelf and the first and last dates such Products were available to consumers in New York and California respectively. If the label was changed in any manner, identify the change(s) and the first and last dates such Products with the changed label(s) were available to consumers in New York and California respectively.

**RESPONSE TO INTERROGATORY NO. 25:**

Bayer objects to Interrogatory No. 25 as it is not within Bayer's knowledge how long retailers kept certain products on shelves and the dates such Products were available to consumers in New York and California.

Bayer further objects to Interrogatory No. 25 as vague.

Bayer further objects to Interrogatory No. 25 because the labels speak for themselves, and Plaintiffs are able to compare the labels.

Subject to these objections, Bayer states as follows: Natural Fruit Bites Women's was distributed to retailers in March 2020. The original label for Natural Fruit Bites Women's is represented in BAYER NFB-0001691. The revised label is represented in BAYER NFB-0043893. The following changes were made between the original and revised label: removal of "Fruit is the First Ingredient" on the front label, revised calories, revised carbohydrates, revised total sugars, revised Zinc, revised order of ingredients. Natural Fruit Bites Women's with the revised label was shipped to retailers in December 2021.

Natural Fruit Bites Men's was distributed to retailers in March 2020. The original label for Natural Fruit Bites Men's is represented in BAYER NFB-0001687. Bayer revised the Natural Fruit Bites Men's label. The revised label is represented in BAYER NFB-0043894. The following changes were made between the original and revised label: removal of "Fruit is the First Ingredient" on the front label, revised calories, revised carbohydrates, revised total sugars, revised order of ingredients. Natural Fruit Bites Men's with the revised label was shipped to retailers in December 2021.

Natural Fruit Bites Women's 50+ was distributed to retailers in March 2020. The original label for Natural Fruit Bites Women's 50+ is represented in BAYER NFB-0001683. Bayer revised the Natural Fruit Bites Women's 50+ label. The revised label is represented in BAYER NFB-0043896. The following changes were made between the original and revised label: removal of "Fruit is the First Ingredient" on the front label, revised calories, revised carbohydrates, revised total sugars, revised Zinc, revised order of ingredients. Natural Fruit Bites Women's 50+ with the revised label was shipped to retailers in November 2021.

Natural Fruit Bites Men's 50+ was distributed to retailers in March 2020. The original label for Natural Fruit Bites Men's 50+ is represented in BAYER NFB-0001679. Bayer revised the Natural Fruit Bites Men's 50+ label. The revised label is

represented in BAYER NFB-0043895. The following changes were made between the original and revised label: removal of "Fruit is the First Ingredient" on the front label, revised calories, revised carbohydrates, revised total sugars, revised order of ingredients. Natural Fruit Bites Men's 50+ with the revised label was shipped to retailers in November 2021.

Bayer stopped distributing the Products to retailers in March 2022.

Dated: January 12, 2024

Respectfully submitted,

*/s/ Jonathan F. Cohn*
Jonathan F. Cohn* (NY 2972578)
Shannon Grammel* (KS 29105)
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave., NW
Washington, DC 20001
Email: jon@lkcfirm.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

Katherine C. Yarger* (CO 40387)
LEHOTSKY KELLER COHN LLP
700 Colorado Blvd., #407
Denver, CO 80206
Email: katie@lkcfirm.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

Leah F. Bower* (TX 24107585)
LEHOTSKY KELLER COHN LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
Email: leah@lkcfirm.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

*Attorneys for Defendant Bayer Corporation*
* Admitted *pro hac vice*.

**Verification of Defendant's Third Supplemental Objections and Responses to Plaintiff's Interrogatories (Set One)**

I, Christian Savine, do hereby declare under penalty of perjury:

1. My name is as stated above, I am of legal age and currently employed by Bayer Corporation as Deputy Director, Records Management.

2. I have reviewed the Objections and Responses to Plaintiff's Interrogatories (Set Two) and the responses asserted therein are true and correct to the best of my knowledge and recollection and according to the information available to me.

3. I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and recollection.

On this 12 day of January, 2024.

/s/ ____________________