# EXHIBIT G

Jonathan F. Cohn* (NY 2972578)
Shannon Grammel* (KS 29105)
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave., NW
Washington, DC 20001
Email: jon@lkcfirm.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

Katherine C. Yarger* (CO 40387)
LEHOTSKY KELLER COHN LLP
700 Colorado Blvd., #407
Denver, CO 80206
Email: katie@lkcfirm.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

*Attorneys for Defendant Bayer Corporation*
(*Additional Attorney for Defendant on Subsequent Page*)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENIECE DRAKE, DEBORAH BOWLING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER HEALTHCARE LLC,<br><br>Defendant. | Case No. 3:22-cv-01085-MMA-JLB<br><br>**DEFENDANT'S FIFTH SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)** |

*Additional Counsel for Defendant*

Leah F. Bower* (TX 24107585)
LEHOTSKY KELLER COHN LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
Email: leah@lkcfirm.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

* Admitted *pro hac vice*.

## FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33(b), Defendant Bayer Corporation ("Bayer") hereby provides the following supplemental objections and responses to Plaintiffs Deniece Drake and Deborah Bowling's ("Plaintiffs") Interrogatories (Set One) ("Interrogatory" or "Interrogatories").

In response to these Interrogatories, Bayer is attempting to conduct a reasonable investigation of sources from which such information might reasonably be expected to be found, subject to the parties' meeting and conferring on a reasonable scope for Plaintiffs' Interrogatories. These responses and objections are based on the best information available to Bayer at the time of gathering responsive materials or information, within the limits of, and subject to, Bayer's general and specific objections to these Interrogatories. Bayer expressly reserves the right to supplement or modify its responses and objections to the Interrogatories if it is able to locate additional responsive information or additional responsive information becomes available. Bayer's objections and responses are made without prejudice to Bayer using or allowing at trial subsequently discovered information or documents or any information omitted from these responses as a result of good faith oversight, error, or mistake.

To the extent that Bayer is willing to provide information that is responsive to any particular Interrogatory, that does not constitute an admission or acknowledgement that the Interrogatory is proper, that the information Plaintiff seeks is within the proper bounds of discovery, or that other or additional Interrogatories for similar information will be treated in a similar fashion. Bayer reserves the right to request the return of any disclosed privileged material pursuant to a protective order.

## GENERAL OBJECTIONS

The following general objections apply to the Definitions and Instructions, and each individual Interrogatory contained or incorporated therein. Bayer incorporates each of the following general objections into the specific objections set forth below.

The assertion of the same or additional objections in any particular response to an Interrogatory does not waive any other objections that are incorporated by reference.

1. Bayer objects to each and every Interrogatory, Definition, and Instruction to the extent that it seeks information outside the scope of permissible discovery under the Federal Rules of Civil Procedure, and to the extent that it seeks to impose requirements or obligations on Bayer in addition to, or different from, those imposed by the Federal Rules of Civil Procedure, the rules of this Court, any applicable orders of this Court, or any stipulation or agreement of the parties.

2. Bayer objects to each and every Interrogatory, Definition, and Instruction to the extent that it is overbroad or unduly burdensome and exceeds the scope of discovery related to class certification and the topics contemplated by the parties. Because this action has not been certified as a class action pursuant to Rule 23, discovery is relevant to the parties' claims or defenses only insofar as it related to the individual claim of the named plaintiffs and to issues relevant to class determination. Additionally, in their Joint Rule 16(b)/26(f) Report, the parties agreed that Plaintiffs would seek discovery related to: "(a) Product packaging, labeling, marketing, and advertising, as well as internal and external communications in respect thereto; (b) consumer research, including surveys, regarding the 'natural' claims as well as pricing of the Products; (c) the manufacturing of the Products and ingredients; (d) consumer, industry, or regulatory body complaints regarding the natural claims; and (e) sales data on the Products." ECF 34 at 3.[1] Bayer objects to each and every request that is not within the scope of reasonable discovery at this stage of the proceedings.

3. Bayer objects to each and every Interrogatory to the extent that it is overbroad and unduly burdensome and seeks information that is already in Plaintiffs' possession, custody, or control, including information that is publicly available.

---

[1] All pin cites to documents in the record are to the internal pagination in cited documents and not to ECF pagination.

4. Bayer objects to each and every Interrogatory to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery. To the extent that any Interrogatory or part thereof calls for information, legal analysis or reasoning, writings, communications, or anything else protected from disclosure by the work-product doctrine, the attorney-client privilege, any other applicable privilege or protection, or any other applicable law, Bayer will not produce such information or anything else protected from disclosure by virtue of such doctrine or privilege. Inadvertent disclosure shall not constitute a waiver of any privilege or ground for objecting to the disclosure of such information and shall not waive Bayer's right to object to the use of such information. Nothing contained in any of Bayer's specific objections is intended to be, nor may be construed as, a waiver of any such privilege, immunity, or protection.

5. Bayer objects to each and every Interrogatory to the extent that it calls for a legal conclusion.

6. Bayer objects to each and every Interrogatory to the extent that it requires the production of information that contravenes any confidentiality agreement, is proprietary or protected by trade secrets, or would violate the privacy interests of others.

7. Bayer objects to each and every Interrogatory to the extent that it is overbroad and unduly burdensome by seeking information with no time period limitation or imposing unreasonably expansive time period limitations, including beyond the applicable statute of limitations. Under the California Consumers Legal Remedies Act ("CLRA") statute of limitations provision, "[a]ny action brought under the specific provisions of Section 1770 shall be commenced not more than three years from the date of the commission of such method, act, or practice." Cal. Civ. Code § 1783.

8. Bayer objects to each and every Interrogatory and Definition as overbroad, unduly burdensome, and not related to the parties' claims or defenses to the extent that

it seeks information related to One A Day products other than the One A Day Natural Fruit Bites multivitamin products.

9. Bayer objects to each and every Interrogatory and Definition as overbroad, unduly burdensome, and not related to the parties' claims or defenses to the extent that it seeks information related to One A Day products sold outside of California.

10. Bayer objects to Plaintiffs' definitions of "Defendant," "You," and "Your" as overbroad, unduly burdensome, and vague where they include any persons and/or entities other than Defendant Bayer Corporation, and particularly where they include "agents," "paid consultants," and "affiliate[s]." Accordingly, the words "Defendant," "You," and "Your" will be construed by Bayer in all Interrogatories as having their normal meaning and pertaining to the persons to whom the Interrogatories are directed.

**SPECIFIC RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 1:**

From July 25, 2019 to the present, for each Product, if the "Natural" representation on the Product's packaging was changed in any manner (e.g. location, font size, font color, verbiage), describe the change and identify the date of the change.

**RESPONSE TO INTERROGATORY NO. 1:**

Bayer objects to Interrogatory No. 1 on the ground that the use of the term "representation" calls for a legal conclusion.

Bayer objects to Interrogatory No. 1 as vague.

Subject to these objections, Bayer states as follows: The "'Natural' representation on the Product's packaging" did not change.

**INTERROGATORY NO. 2:**

From July 25, 2019 to the present, for each of *[sic]* Product, identify the ingredients contained in the Product. If the ingredients for any Product changed, identify the date of the change and how the ingredient(s) changed.

**RESPONSE TO INTERROGATORY NO. 2:**

The ingredients did not change.

**INTERROGATORY NO. 3:**

Define "Natural" as it is used on the packaging of the Products.

**RESPONSE TO INTERROGATORY NO. 3:**

Bayer objects to Interrogatory No. 3 as it assumes that the word "Natural" is susceptible to a single definition or that consumers have a common understanding of the word.

Subject to this objection, Bayer states as follows: "Natural" modifies "Fruit" and not the entire Product. Further, as the Ninth Circuit recently recognized, there is a difference between "Natural," and "100% Natural" or "all Natural." *See McGinity v. Procter & Gamble Co.*, 69 F.4th 1093 (9th Cir. 2023). Consumers have different understandings of the word "Natural," and dictionaries include a variety of definitions, including "not cultivated," "existing in or produced by nature," "not artificial," and "relating to or being natural food."

**INTERROGATORY NO. 4:**

Is the process for manufacturing the Cholecalciferol used in the Products the same as that described in paragraph 16.a of the Complaint? If not, describe the process for manufacturing the Cholecalciferol used in the Products, including any Chemical Changes to any substances during that manufacturing process.

**RESPONSE TO INTERROGATORY NO. 4:**

Subject to Plaintiffs' counsel's representation at the hearing on August 31, 2023, that Plaintiffs are only seeking to confirm that the Cholecalciferol in the Products is synthetic, Bayer affirms that the Cholecalciferol is synthetic.

**INTERROGATORY NO. 5:**

Is the process for manufacturing the Niacinamide used in the Products the same as that described in paragraph 16.b of the Complaint? If so, which subsection(s). If not, describe the process for manufacturing the Niacinamide used in the Products, including any Chemical Changes to any substances during that manufacturing process.

**RESPONSE TO INTERROGATORY NO. 5:**

Subject to Plaintiffs' counsel's representation at the hearing on August 31, 2023, that Plaintiffs are only seeking to confirm that the Niacinamide in the Products is synthetic, Bayer affirms that the Niacinamide is synthetic.

**INTERROGATORY NO. 6:**

Is the process for manufacturing the Pyridoxine Hydrochloride used in the Products the same as that described in paragraph 16.c of the Complaint? If so, which subsection(s). If not, describe the process for manufacturing the Pyridoxine Hydrochloride used in the Products, including any Chemical Changes to any substances during that manufacturing process.

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to Plaintiffs' counsel's representation at the hearing on August 31, 2023, that Plaintiffs are only seeking to confirm that the Pyridoxine Hydrochloride in the Products is synthetic, Bayer affirms that the Pyridoxine Hydrochloride is synthetic.

**INTERROGATORY NO. 7:**

Is the process for manufacturing the D-biotin used in the Products the same as that described in paragraph 16.d of the Complaint? If so, which subsection(s). If not, describe the process for manufacturing the D-biotin used in the Products, including any Chemical Changes to any substances during that manufacturing process.

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to Plaintiffs' counsel's representation at the hearing on August 31, 2023, that Plaintiffs are only seeking to confirm that the D-biotin in the Products is synthetic, Bayer affirms that the D-biotin is synthetic.

**INTERROGATORY NO. 8:**

Is the process for manufacturing the Potassium Iodide used in the Products the same as that described in paragraph 16.e of the Complaint? If so, which subsection(s). If not, describe the process for manufacturing the Potassium Iodide used in the Products, including any Chemical Changes to any substances during that manufacturing process.

**<u>RESPONSE TO INTERROGATORY NO. 8</u>:**

Subject to Plaintiffs' counsel's representation at the hearing on August 31, 2023, that Plaintiffs are only seeking to confirm that the Potassium Iodide in the Products is synthetic, Bayer affirms that the Potassium Iodide is synthetic.

**<u>INTERROGATORY NO. 9</u>:**

State the total sales amount, in dollars and units, broken down by month, of the Products sold in California.

**<u>RESPONSE TO INTERROGATORY NO. 9</u>:**

Bayer objects to Interrogatory No. 9 as overly broad and unduly burdensome because it seeks "sales" information without temporal limitation.

Bayer objects to Interrogatory No. 9 to the extent that it seeks information from outside the applicable statute of limitations periods.

Subject to these objections, Bayer states as follows: Bayer has determined that it does not have such information.

**<u>INTERROGATORY NO. 10</u>:**

Describe in detail your reasons for denying paragraph 32 of the Complaint. Your answer must identify the facts that support those reasons and a description of how those facts apply to any law you believe supports those reasons.

**<u>RESPONSE TO INTERROGATORY NO. 10</u>:**

Bayer objects to Interrogatory No. 10 on the grounds that it is premature and an improper contention interrogatory that is unduly burdensome because it asks Bayer to essentially brief the legal issues in the case by way of a discovery request.

Subject to this objection, Bayer states that it has seen no evidence that Plaintiff or other putative class members received Products that were worth less than what they paid. Bayer will update its response as necessary as discovery continues if additional information is obtained.

**INTERROGATORY NO. 11**:

Describe in detail all "facts and circumstances" consumers had "full knowledge of" when they purchased the Products, as stated in paragraph 28 of your Affirmative Defenses.

**RESPONSE TO INTERROGATORY NO. 11**:

Bayer objects to Interrogatory No. 11 on the grounds that it is premature and an improper contention interrogatory that is unduly burdensome because it asks Bayer to essentially brief the legal issues in the case by way of a discovery request.

Bayer objects to Interrogatory No. 11 on the grounds that it seeks information that is already in Plaintiff's control.

Subject to these objections, Bayer states that it has seen no evidence that consumers lacked knowledge of the relevant facts and circumstances pursuant to which they voluntarily paid for the Products—including the facts that "Natural" modifies "Fruit" and appears right next to the word "Fruit"; the label states that the product is "made with real fruit" and until September 2021 stated that "fruit is the first ingredient"; the label prominently displays fruit, specifically apples; the label indicates what the product does not contain, such as "synthetic colors" or "artificial sweeteners or flavors"; the label does not say the product has no synthetic vitamins, and the Supplement Facts section discloses the "synthetic vitamins." Bayer will update its response as necessary as discovery continues if additional information is obtained.

**INTERROGATORY NO. 12**:

Identify all individuals Bayer has "resolved claims with," as stated in paragraphs *[sic]* 29 of your Affirmative Defenses.

**RESPONSE TO INTERROGATORY NO. 12**:

Bayer objects to Interrogatory No. 12 on the grounds that it is premature and an improper contention interrogatory that is unduly burdensome.

Bayer objects to Interrogatory No. 12 on the grounds that it potentially calls for information protected by the attorney client privilege or work product doctrine.

Bayer objects to Interrogatory No. 12 on the grounds that it seeks information that is already in Plaintiff's control.

Bayer objects to Interrogatory No. 12 on the grounds that it seeks information in the possession of retailers, who may or may not have received claims or resolved claims, or otherwise offered refunds, rebates, or coupons regarding the presence of synthetic vitamins.

Bayer states as follows: Bayer has not found records of resolved claims regarding the presence of synthetic vitamins.

**INTERROGATORY NO. 13:**

Identify all "class action settlements" you contend may have "resolved claims with some putative class members," as stated in paragraphs *[sic]* 30 of your Affirmative Defenses.

**RESPONSE TO INTERROGATORY NO. 13:**

Bayer objects to Interrogatory No. 13 on the grounds that it is premature and an improper contention interrogatory that is unduly burdensome.

Bayer objects to Interrogatory No. 13 on the grounds that it potentially calls for information protected by the attorney client privilege or work product doctrine.

Bayer objects to Interrogatory No. 13 on the grounds that it seeks information that is publicly available or already in Plaintiff's control.

Bayer objects to Interrogatory No. 12 on the grounds that it seeks information in the possession of retailers.

Bayer states as follows: Bayer has determined that no prior settlement resolved the claims of the putative class members in this case.

**INTERROGATORY NO. 14:**

Describe in detail your contention that "Plaintiff and members of the putative plaintiff class lack standing," as stated in paragraphs *[sic]* 31 of your Affirmative Defenses. Your answer must identify the facts that support this contention and a description of how those facts apply to any law you believe supports this contention.

**RESPONSE TO INTERROGATORY NO. 14:**

Bayer objects to Interrogatory No. 14 on the grounds that it is premature and an improper contention interrogatory that is unduly burdensome because it asks Bayer to essentially brief the legal issues in the case by way of a discovery request.

Bayer objects to Interrogatory No. 14 on the grounds that it seeks information that is already in Plaintiff's control.

Bayer objects to Interrogatory No. 14 on the grounds that it impermissibly calls for legal conclusions.

Bayer objects to Interrogatory No. 14 on the grounds that Plaintiffs failed to comply with their discovery obligations—failing to preserve documents, failing to produce documents prior to the depositions (which remain open), and failing to update their discovery responses.

Bayer states as follows, without waiving or limiting arguments, which will be more fully developed in future briefing:

First, it appears that neither Plaintiff purchased the product at issue. Neither Plaintiff could remember the slightest thing about the product. Ms. Drake thought the Fruit Bites were round. Drake. Tr. 136:14-16. The Fruit Bites are square. Ms. Bowling thought they were multi-colored and multi-flavored. Bowling Tr. 30:9-10, 18. The Fruit Bite are a single color and a single flavor.

Second, neither Plaintiff was deceived (even if she bought the product). Ms. Drake testified that she had no expectation that the product would be 100% natural and that the product may actually be more natural than she ever expected. Drake Tr. 134:8-13; 211:21-212:14. Ms. Bowling testified that she did not know whether the chemical processes at issue were natural or unnatural in her view. Bowling Tr. 133:3-10; 193:23-195:16.

Third, neither Plaintiff shops for natural vitamins. They both take vitamins that they know contain synthetic ingredients. Neither Plaintiff made any effort to purchase all-natural vitamins.

**INTERROGATORY NO. 15:**

Describe in detail your contention that "Plaintiff and some or all putative class members are not subject to any threat of future injury," as stated in paragraphs *[sic]* 32 of your Affirmative Defenses. Your answer must identify the facts that support this contention and a description of how those facts apply to any law you believe supports this contention.

**RESPONSE TO INTERROGATORY NO. 15:**

Bayer objects to Interrogatory No. 15 on the grounds that it is premature and an improper contention interrogatory that is unduly burdensome because it asks Bayer to essentially brief the legal issues in the case by way of a discovery request.

Bayer objects to Interrogatory No. 15 on the grounds that it seeks information that is already in Plaintiff's control.

Bayer objects to Interrogatory No. 15 on the grounds that Plaintiffs failed to comply with their discovery obligations—failing to preserve documents, failing to produce documents prior to the depositions (which remain open), and failing to update their discovery responses.

Bayer states as follows, without waiving or limiting any arguments, which will be more fully developed in future briefing:

First, the product at issue is no longer on the market.

Second, both Plaintiffs testified that they would never purchase the product again. Drake Tr. 215:23-25; Bowling Tr. 111:19-21.

**INTERROGATORY NO. 16:**

Describe in detail the mitigation Plaintiff and some or all putative class members failed to take, as stated in paragraphs 33 *[sic]* of your Affirmative Defenses.

**RESPONSE TO INTERROGATORY NO. 16:**

Bayer objects to Interrogatory No. 16 on the grounds that it is premature and an improper contention interrogatory that is unduly burdensome because it asks Bayer to essentially brief the legal issues in the case by way of a discovery request.

Bayer objects to Interrogatory No. 16 on the grounds that it seeks information that is already in Plaintiff's control.

Bayer objects to Interrogatory No. 16 on the grounds that Plaintiffs failed to comply with their discovery obligations—failing to preserve documents, failing to produce documents prior to the depositions (which remain open), and failing to update their discovery responses.

Bayer states as follows, without waiving or limiting any arguments, which will be more fully developed in future briefing: It appears that neither Plaintiff purchased the products at issue, so there was no purported damage to mitigate. Regardless, if they had purchased the product, they could have reviewed the label—as Ms. Bowling testified she always does. Bowling Tr. 75:22-24. The label discloses the ingredients, some of which Ms. Bowling said appear "chemically" and "synthetic," same as with the other products she has taken. Bowling Tr. 241:25-242:11. Moreover, Ms. Bowling testified that she would settle for a refund and the cost (gas and time) of attending the deposition. On that basis, she could have mitigated by simply seeking a refund instead of filing suit. Bowling Tr 268:17-21.

**INTERROGATORY NO. 17:**

Identify all "collateral sources available to Plaintiff and putative class members" that would entitle you to set-off or reduce liability, as stated in paragraphs *[sic]* 36 of your Affirmative Defenses.

**RESPONSE TO INTERROGATORY NO. 17:**

Bayer objects to Interrogatory No. 17 on the grounds that it is premature and an improper contention interrogatory that is unduly burdensome because it asks Bayer to essentially brief the legal issues in the case by way of a discovery request.

Bayer objects to Interrogatory No. 17 on the grounds that it impermissibly calls for legal conclusions.

Bayer objects to Interrogatory No. 17 on the grounds that it seeks information in the possession of retailers.

Bayer states as follows: Bayer is unaware of any such collateral sources.

**<u>INTERROGATORY NO. 18</u>:**

Describe in detail your contention that "the representations relating to the generic term 'natural,' if any, were not false or misleading," as stated in paragraphs *[sic]* 37 of your Affirmative Defenses. Your answer must identify the facts that support this contention and a description of how those facts apply to any law you believe supports this contention.

**<u>RESPONSE TO INTERROGATORY NO. 18</u>:**

Bayer objects to Interrogatory No. 18 on the grounds that it is premature and an improper contention interrogatory that is unduly burdensome because it asks Bayer to essentially brief the legal issues in the case by way of a discovery request.

Bayer objects to Interrogatory No. 18 on the grounds that it seeks information that is publicly available or already in Plaintiff's control.

Subject to these objections, Bayer states that it has seen no evidence that the use of the term "Natural" is false or misleading. *See also McGinity v. Procter & Gamble Co.*, 69 F.4th 1093 (9th Cir. 2023). Bayer will update its response as necessary as discovery continues if additional information is obtained.

**<u>INTERROGATORY NO. 19</u>:**

Identify all "codes, standards, and regulations" being referenced in paragraphs *[sic]* 38 of your Affirmative Defenses.

**<u>RESPONSE TO INTERROGATORY NO. 19</u>:**

Bayer objects to Interrogatory No. 19 on the grounds that it is premature and an improper contention interrogatory that is unduly burdensome because it asks Bayer to essentially brief the legal issues in the case by way of a discovery request.

Subject to this objection, Bayer states that it has seen no evidence that it violated any of the "codes, standards, and regulations" raised in the complaint, and Bayer refers Plaintiffs to Bayer's other interrogatory responses, including the response to

interrogatory 11. Bayer will update its response as necessary as discovery continues if additional information is obtained.

**INTERROGATORY NO. 20:**

Identify the "representations" being referred to, and your basis for "believ[ing] the representations were true," as stated in paragraphs *[sic]* 39 of your Affirmative Defenses. Your answer must identify the facts that support this contention and a description of how those facts apply to any law you believe supports this contention.

**RESPONSE TO INTERROGATORY NO. 20:**

Bayer objects to Interrogatory No. 20 on the grounds that it is premature and an improper contention interrogatory that is unduly burdensome because it asks Bayer to essentially brief the legal issues in the case by way of a discovery request.

Bayer objects to Interrogatory No. 20 on the grounds that it seeks information already in Plaintiff's control.

Subject to these objections, Bayer states that it has seen no evidence that the use of the term "Natural" is not true. *See also McGinity v. Procter & Gamble Co*., 69 F.4th 1093 (9th Cir. 2023). Bayer refers Plaintiffs to Bayer's other interrogatory responses, including the response to interrogatory 11. Bayer will update its response as necessary as discovery continues.

**INTERROGATORY NO. 21:**

Describe in detail your contention that "the representations complained of, if any such representations were made, were not material and did not induce Plaintiff to enter into the transaction," as stated in paragraphs *[sic]* 40 of your Affirmative Defenses. Your answer must identify the facts that support this contention and a description of how those facts apply to any law you believe supports this contention.

**RESPONSE TO INTERROGATORY NO. 21:**

Bayer objects to Interrogatory No. 21 on the grounds that it is premature and an improper contention interrogatory that is unduly burdensome because it asks Bayer to essentially brief the legal issues in the case by way of a discovery request.

Bayer objects to Interrogatory No. 21 on the grounds that it impermissibly calls for legal conclusions.

Subject to these objections, Bayer states that it did not make "the representations complained of" because Bayer did not claim that the entire product was 100% natural or all natural. "Natural" modifies "Fruit" and appears right next to the word "Fruit." Fruit is the "first ingredient," and the product is over 95% natural. Regardless, Bayer has not seen evidence that the purported misrepresentation (ie, allegedly representing that the product is 100% natural when it is actually over 95% natural with all-natural fruit and no "synthetic colors" or "artificial sweeteners or flavors") would be material or induced Plaintiff to purchase the Products. Bayer will update its response as necessary as discovery continues if additional information is obtained.

**INTERROGATORY NO. 22:**

Describe in detail your contention that "[s]ome or all of the claims set fort *[sic]* in the Complaint . . . are barred by the doctrine of laches," as stated in paragraphs *[sic]* 44 of your Affirmative Defenses. Your answer must identify the facts that support this contention and a description of how those facts apply to any law you believe supports this contention.

**RESPONSE TO INTERROGATORY NO. 22:**

Bayer objects to Interrogatory No. 22 on the grounds that it is premature and an improper contention interrogatory that is unduly burdensome because it asks Bayer to essentially brief the legal issues in the case by way of a discovery request.

Bayer objects to Interrogatory No. 22 on the grounds that it impermissibly calls for legal conclusions.

Bayer objects to Interrogatory No. 22 on the grounds that Plaintiffs failed to comply with their discovery obligations—failing to preserve documents, failing to produce documents prior to the depositions (which remain open), and failing to update their discovery responses.

Bayer states as follows, without waiving or limiting any arguments, which will be more fully developed in future briefing: It appears neither Plaintiff purchased the product. However, Bayer will not be raising a laches defense.

**INTERROGATORY NO. 23:**

Describe in detail your contention that "[s]ome or all of the claims set fort *[sic]* in the Complaint . . . are barred by the doctrines of waiver and estoppel," as stated in paragraphs *[sic]* 45 of your Affirmative Defenses. Your answer must identify the facts that support this contention and a description of how those facts apply to any law you believe supports this contention.

**RESPONSE TO INTERROGATORY NO. 23:**

Bayer objects to Interrogatory No. 23 on the grounds that it is premature and an improper contention interrogatory that is unduly burdensome because it asks Bayer to essentially brief the legal issues in the case by way of a discovery request.

Bayer objects to Interrogatory No. 23 on the grounds that it impermissibly calls for legal conclusions.

Bayer objects to Interrogatory No. 23 on the grounds that Plaintiffs failed to comply with their discovery obligations—failing to preserve documents, failing to produce documents prior to the depositions (which remain open), and failing to update their discovery responses.

Bayer states as follows, without waiving or limiting any arguments, which will be more fully developed in future briefing: It appears neither Plaintiff purchased the product. However, Bayer will not be raising a waiver or estoppel defense.

**INTERROGATORY NO. 24:**

Describe in detail your contention that "[s]ome or all of the claims set fort *[sic]* in the Complaint . . . are barred by the doctrine of unclean hands," as stated in paragraphs 46 *[sic]* of your Affirmative Defenses. Your answer must identify the facts that support this contention and a description of how those facts apply to any law you believe supports this contention.

**<u>RESPONSE TO INTERROGATORY NO. 24</u>:**

Bayer objects to Interrogatory No. 24 on the grounds that it is premature and an improper contention interrogatory that is unduly burdensome because it asks Bayer to essentially brief the legal issues in the case by way of a discovery request.

Bayer objects to Interrogatory No. 24 on the grounds that it impermissibly calls for legal conclusions.

Bayer objects to Interrogatory No. 23 on the grounds that Plaintiffs failed to comply with their discovery obligations—failing to preserve documents, failing to produce documents prior to the depositions (which remain open), and failing to update their discovery responses.

Bayer states as follows, without waiving or limiting any arguments, which will be more fully developed in future briefing: It appears neither Plaintiff purchased the product. However, Bayer will not be raising an unclean hands defense.

Dated: February 13, 2024

Respectfully submitted,

<u>*/s/ Jonathan F. Cohn*</u>

Jonathan F. Cohn* (NY 2972578)
Shannon Grammel* (KS 29105)
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave., NW
Washington, DC 20001
Email: jon@lkcfirm.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

Katherine C. Yarger* (CO 40387)
LEHOTSKY KELLER COHN LLP
700 Colorado Blvd., #407
Denver, CO 80206
Email: katie@lkcfirm.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

Leah F. Bower* (TX 24107585)
LEHOTSKY KELLER COHN LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
Email: leah@lkcfirm.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

*Attorneys for Defendant Bayer Corporation*
* Admitted *pro hac vice*.

**Verification of Defendant's Fifth Supplemental Objections and Responses to Plaintiff's Interrogatories (Set One)**

I, Christian Savine, do hereby declare under penalty of perjury:

1. My name is as stated above, I am of legal age and currently employed by Bayer Corporation as Deputy Director, Records Management.

2. I have reviewed the Fifth Supplemental Objections and Responses to Plaintiff's Interrogatories (Set One) and the responses asserted therein are true and correct to the best of my knowledge and recollection and according to the information available to me.

3. I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and recollection.

On this 13th day of February, 2024.

/s/ [signature]