# EXHIBIT H

**REESE LLP**
Michael R. Reese (SBN 206773)
Sue J. Nam (SBN 206729)
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Email: *mreese@reesellp.com*
*snam@reesellp.com*

**REESE LLP**
George V. Granade (SBN 316050)
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile (212) 253-4272
Email: *ggranade@reesellp.com*

**REESE LLP**
Charles D. Moore (admitted *pro hac vice*)
121 N. Washington Ave., 4th Floor
Minneapolis, MN 55401
Telephone: 212-643-0500
Fax: 212-253-4272
Email: *cmoore@reesellp.com*

*Attorneys for Plaintiffs and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

EDISON CORPUZ, DONIECE DRAKE, DEBORAH BOWLING, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

BAYER CORPORATION,

Defendant.

Case No. 3:22-cv-01085-MMA-JLB

**PLAINTIFF DRAKE'S RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)**

Plaintiff Doniece Drake ("Plaintiff") responds and objects to Defendant Bayer Corporation's ("Defendant") First Set of Requests for Production ("RFPs"). To avoid the necessity of restating in full each General Objection and Response in response to each specific RFP, the General Objections and Responses are hereby incorporated into each response. The assertion of additional specific objections in any response to certain RFPs shall not be construed as waiving any applicable General Objections.

**PRELIMINARY STATEMENT**

Plaintiff has not completed discovery, investigation, or trial preparation in this case. Consequently, Plaintiff provides these responses without waiving the right to later modify, supplement, or amend these responses as additional information becomes available in the course of such discovery, investigation, or trial preparation. Plaintiff reserves the right to revise, amend, supplement, or otherwise change any or all of these responses in the event that information or documents that are currently in Plaintiff's possession is inadvertently omitted or mistakenly stated. Plaintiff responds to these RFPs subject to the accompanying objections, without waiving, and expressly preserving, all such objections. The assertion of any objection to a RFP in any response below is neither intended as, nor shall in any way be deemed, a waiver of Plaintiff's right to assert that or any objection at a later date. Plaintiff also reserves the right to object to the use of these responses, in whole or in part, at any time (including at trial) for relevance, competence, materiality, admissibility, hearsay, privilege, work-product immunity, or any other reason.

**GENERAL OBJECTIONS AND RESPONSES**

With respect to the Defendant's RFP, Plaintiff makes and incorporates the following objections (the "General Objections"):

1. Plaintiff's objections and responses shall not waive or prejudice any objections that may later be asserted.

2. Plaintiff objects to all RFPs insofar as they seek documents regarding products other than Defendant's "One a Day Natural Fruit Bites" (the "Product").

3. Plaintiff objects to all RFPs insofar as they are inconsistent with the Rules for the U.S. District Court in this District, the Federal Rules of Civil Procedure, or any other applicable orders of the Court.

4. In providing responses to the RFPs, Plaintiff has undertaken a reasonable effort to provide responsive documents, to the extent that such RFPs are not subject to objection. Plaintiff's investigation is continuing, and the following responses are therefore based upon such information that is available to Plaintiff and capable of retrieval through reasonable efforts. Plaintiff reserves the right to supplement any and all of its responses to include information which may be disclosed during its continuing investigation or discovery.

5. These responses are made solely for purposes of this action. Each response is subject to all objections as to competency, relevancy, materiality, admissibility, and any and all other objections that would require the exclusion of any response contained herein. All such objections and grounds are reserved and may be interposed at the time of trial.

6. No incidental or implied admissions are intended by the responses herein. The fact that Plaintiff has responded or objected to any RFP should not be taken as an admission that it accepts or admits the existence of any "facts" or legal conclusion set forth or assumed by such RFP.

7. Any response that states that documents will be produced is to be construed as relating only to responsive documents in Plaintiff 's possession, custody, or control that are not otherwise protected by a privilege or other immunity from discovery. Moreover, such statement shall not be construed as a representation that such document exists but should instead be considered only as

an affirmation that documents located through a reasonable search will be produced.

8. Plaintiff objects to each RFP that requires Plaintiff to produce documents not within her possession, custody or control and to the extent that they seek information concerning activities, policies, practices, information, or procedures of any persons and/or entities other than Plaintiff. Responses will be provided for Plaintiff only and will be based upon documents within the possession, custody or control of Plaintiff.

9. Plaintiff objects to the RFPs to the extent that they seek information or the identification of documents, writings, records, or publications that are in the public domain because such information is equally accessible to Defendant.

10. Plaintiff objects to each RFP that seek documents irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence.

11. Plaintiff objects to each RFP that seeks documents that are subject to the attorney/client privilege and/or the work product doctrine, or any other privileges, or which are trial preparation material prepared or generated in connection with this or any other litigation, or which are otherwise immune or protected from discovery. Any inadvertent disclosure of material protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or exemption is not intended as, and should not be construed to constitute, a waiver. For purposes of responding to these RFPs, Plaintiff will construe each definition and each request as not seeking legal memoranda, drafts of pleadings, attorneys' notes, communications among counsel for Plaintiff, or other documents that have come into existence because of this litigation.

12. Plaintiff objects to the RFP to the extent that they seek documents whose production imposes an unreasonable hardship on Plaintiff and/or where

information can be obtained from sources that are more convenient, less burdensome, or less expensive.

13. Plaintiff also objects to the use of undefined terms and phrases. Plaintiff further objects to the RFPs to the extent that they fail to set forth or describe with particularity the documents requested. In responding to the RFPs, Plaintiff will provide responses to the extent possible based on the most objectively reasonable interpretation.

14. Plaintiff objects to each RFP that requires her to assume facts and/or legal requirements that are not applicable and/or make an improper legal opinion.

15. Plaintiff objects to each RFP that seeks information related to expert witnesses as premature. Plaintiff reserves the right to disclose expert witness information in accordance with the form and at the time required by any rule or order of the Court.

16. The stating of specific objections to a particular RFP shall not be construed as a waiver of Plaintiff's "General Objections," nor does a restatement of a specific reference to a "General Objection" in the response to a particular RFP waive any other "General Objection." Unless otherwise specifically stated, Plaintiff's objections to each RFP apply to the entire RFP, including each and every subparagraph of each RFP.

## OBJECTION TO INSTRUCTIONS

Plaintiff objects to instruction Number 6 to the extent it calls for production of "a privilege log that complies with the California rules." To the extent Plaintiff is required to do so, he will produce a privilege log that complies with the Federal Rules of Civil Procedure.

Plaintiff objects to instruction Number 7 to the extent it calls for a narrative response to a request for production of documents. Plaintiff further objects to this instruction to the extent it calls for the production of information protected by

attorney-client privilege and/or the work-product doctrine. Plaintiff will interpret this instruction as not seeking such information.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce receipts or other proof of payment for all multivitamins and/or dietary supplements you or your household family members have purchased and/or used, including the One A Day Natural Fruit Bites at issue.

**RESPONSE:**

Plaintiff objects to the production of receipts or other proof of purchase for "all multivitamins and/or dietary supplements" Plaintiff or any member of his household may have purchased, other than the Product, as overbroad. This exceeds the scope of permissible discovery as receipts or proof of purchase for other multivitamins or dietary supplements are not relevant to the claims or defenses because they do not make a fact more or less probable. As such, they are outside the scope of discoverable information. Documents are being withheld on the basis of this objection.

Plaintiff further objects to this request as overbroad to the extent it is not limited in time. Plaintiff will interpret this request as limited to July 25, 2019 to the present.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: After a reasonable and diligent search, Plaintiff does not have any receipts or proof of purchase for the One A Day Natural Fruit Bites in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all Documents and Communications relating to the definition of "natural," including but not limited to the definition provided in response to Bayer's First Set of Interrogatories. This production should include but is not limited to your browsing history for the word "natural."

**RESPONSE:**

Plaintiff objects that the request is overbroad, vague, and ambiguous as it commands identification of "all documents and communications" "relating to the definition of 'natural.'" It is unknown, and unknowable, what Defendant considers "relating to the definition of 'natural.'" This incomprehensively broad phrase could encompass nearly any document. Documents are being withheld on the basis of this objection.

Plaintiff further objects as overbroad, vague, and ambiguous to the extent the request calls for Plaintiff's "browsing history for the word 'natural.'" It is unknown what fact could be derived from this request other than whether or not he has searched for the word "natural" in a web browser. But whether he searched the terms does not make a material fact more or less likely. As such, any such search is outside the scope of discoverable information. Documents are being withheld on the basis of this objection.

Further, to the extent such a search occurred after commencing this litigation, such a search would be covered by the attorney-client privilege and/or the work-product doctrine.

Plaintiff further objects to the extent this request calls for "all . . . communications" which could encompass communication with Counsel, and are therefore covered by attorney-client privilege. Plaintiff will interpret this request as not seeking such information.

**REQUEST FOR PRODUCTION NO. 3:**

Produce your internet browsing history from all devices reflecting all websites you have visited pertaining to any multivitamin and/or other nutritional supplement, including but not limited to the One A Day Natural Fruit Bites and any other multivitamins. The production should include but is not limited to the URL, date of website visit, and other relevant information and metadata.

**RESPONSE:**

Plaintiff objects to the production of browsing history for "any multivitamin and/or other nutritional supplement" as overbroad. This exceeds the scope of permissible discovery as receipts or proof of purchase for other multivitamins or dietary supplements are not relevant to the claims or defenses because they do not make a fact more or less probable. As such, they are outside the scope of discoverable information.

The overbreadth of this objection is made worse by the command to produce Plaintiff's "internet browsing history from all devises reflecting all websites you have visited pertaining to any multivitamin and/or other nutritional supplement." As written, this request includes, for example, the browser history reflecting a visit to CVS, Target, or Wal-Mart's websites, regardless of whether Plaintiff actually purchased or even viewed the sections of the sites on any multivitamins or dietary supplements, much less the One a Day Natural Fruit Bites at issue in this litigation. Whether Plaintiff visited the CVS, Target, Wal-Mart, etc. website does not make a fact more or less probable, and is therefore irrelevant to the litigation. As such, it is outside the permissible scope of discovery.

Still further, the "internet browsing history" would only reflect the visit to a specific website at a specific date and time. Whether knowing that Plaintiff visited the CVS, Target, or Wal-Mart's websites on a specific date and time does not make

any fact more or less probable, and is therefore irrelevant to the litigation. As such, it is outside the permissible scope of discovery.

Plaintiff further objects to the extent this calls for production of browser history since his engagement of counsel, as such searches may reflect attorney-client privilege and/or work-product doctrine. This is particularly so as the definition of "you" and "your" includes Plaintiff's representatives or other persons acting or purporting to act on his behalf. This definition would encompass counsel. But counsel's internet browsing history falls squarely within the work-product doctrine. Plaintiff will interpret this request as not seeking such information.

Plaintiff further objects to this request as overbroad to the extent it is not limited in time. Plaintiff will interpret this request as limited to July 25, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all Documents relating to multivitamins, including but not limited to pamphlets, books, web printouts, scholarly articles, and academic journals.

**RESPONSE:**

Plaintiff objects that the request is overbroad, vague, and ambiguous as it commands identification of "all documents relating to multivitamins." It is unknown, and unknowable, what Defendant considers "relating to multivitamins." This incomprehensively broad phrase could encompass nearly any document. In fact, the list of exemplars makes clear this request encompasses nearly document touching on multivitamins. For example, it includes "scholarly articles". Is Defendant commanding production of any scholarly article ever written on multivitamins? As written, this request is too incomprehensively broad to be responded to.

Plaintiff further objects to the production of "all document relating to multivitamins", other than the One a Day Natural Fruit Bites, as overbroad. This

exceeds the scope of permissible discovery as documents about other multivitamins are not relevant to the claims or defenses because they do not make a fact more or less probable. As such, they are outside the scope of discoverable information.

Plaintiff further objects to the extent it calls for the production of documents covered by attorney-client privilege and/or work-product doctrine. Plaintiff will interpret this request as not seeking such information.

**REQUEST FOR PRODUCTION NO. 5:**

Produce photographs of the bottles, boxes or packaging, front and back panels, of all the multivitamins or dietary supplements you have purchased.

**RESPONSE:**

Plaintiff objects to the production of "all document relating to multivitamins", other than the One a Day Natural Fruit Bites, as overbroad. This exceeds the scope of permissible discovery as documents about other multivitamins are not relevant to the claims or defenses because they do not make a fact more or less probable. As such, they are outside the scope of discoverable information.

Plaintiff further objects to this request as overbroad to the extent it is not limited in time. Plaintiff will interpret this request as limited to July 25, 2019 to the present.

Plaintiff further objects to the extent this information is better obtained through alternative forms of discovery. If, for example, Defendant wishes to know what other multivitamins Plaintiff has purchased, that information is better obtained through a deposition question rather than the creation of photos.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: After a reasonable and diligent search, Plaintiff does not have the bottles of the One a Day Natural Fruit Bites he purchased in his possession, custody, or control. Therefore he cannot take a photo in response to this request.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all Communications you have had with anyone, other than your lawyer, regarding multivitamins, including but not limited to, the One A Day Natural Fruit Bites at issue.

**RESPONSE:**

Plaintiff objects to the production of "all communications" Plaintiff has "had with anyone" "regarding multivitamins" as overbroad. For example, a spam email from Target advertising a multivitamin does not make a fact more or less probable. Likewise, a text message between Plaintiff and a family member about a different multivitamin does not make a fact more or less probable. This request exceeds the scope of permissible discovery as documents about other multivitamins are not relevant to the claims or defenses because they do not make a fact more or less probable. As such, they are outside the scope of discoverable information.

Plaintiff further objects to this request as overbroad to the extent it is not limited in time. Plaintiff will interpret this request as limited to July 25, 2019 to the present.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: After a reasonable and diligent search, Plaintiff does not have any nonprivileged communications about the One a Day Natural Fruit Bites he purchased in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all Communications you have had with anyone, other than your lawyer, regarding your lawsuit or the allegations in the complaint, including but not limited to letters, emails, and social media posts or comments.

**RESPONSE:**

Plaintiff objects to the production of "all communications" Plaintiff has "had with anyone" "regarding . . . the allegations" as overbroad. As written, a spam email

from Target advertising a multivitamin may—broadly read--fall under the rubric of "allegations in the complaint" but it is does not make a fact more or less probable. Plaintiff interprets the request as seeking communications directly discussing One A Day Natural Fruit Bites or the specific claims it issue in the litigation.

Plaintiff further objects to this request as overbroad to the extent it is not limited in time. Plaintiff will interpret this request as limited to July 25, 2019 to the present.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: After a reasonable and diligent search, Plaintiff does not have any nonprivileged communications about the One a Day Natural Fruit Bites he purchased or the claims in the lawsuit in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all reviews you have ever posted regarding the Product or any multivitamin or dietary supplement product. This includes, but is not limited to, letters to publications, emails, social media posts or comments, reviews on e-commerce websites, reviews to the Better Business Bureau, reviews on any forum like Quora, etc.

**RESPONSE:**

Plaintiff objects to the production of "all reviews" Plaintiff has posted "regarding . . any multivitamins or dietary supplements" as overbroad. This exceeds the scope of permissible discovery as discussions of other multivitamins or dietary supplements are not relevant to the claims or defenses because they do not make a fact more or less probable. As such, they are outside the scope of discoverable information.

Plaintiff further objects to this request as overbroad to the extent it is not limited in time. Plaintiff will interpret this request as limited to July 25, 2019 to the present.

Plaintiff further objects to the extent this request calls for the production of information not within Plaintiff's possession, custody, or control. By its terms, the subject matter has been sent to or produced on a platform that is not under Plaintiff's control.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: After a reasonable and diligent search, Plaintiff does not have any nonprivileged posts about the One a Day Natural Fruit Bites he purchased in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9:**

Produce any Communications with Bayer's customer service department you have had regarding any Bayer product.

**RESPONSE:**

Plaintiff further objects to the request as unduly burdensome to the extent it calls for the production of documents which are already within Defendant's possession, custody, or control. By its terms, the request calls for the production of materials to which Defendant was a party. Plaintiff will not reproduce such documents since the effort to retrieve, process, and produce documents which Defendant already possesses creates a needless duplication of effort.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: After a reasonable and diligent search, Plaintiff does not have any communications with Defendant's customer service department in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all web advertisements for legal services with regards to the allegations in this case or the Product You viewed, solicitations to appear as a named Plaintiff in this matter or in regards to these allegations you viewed or responded to, or questionnaires regarding your experience with the Product you responded to.

**RESPONSE:**

Plaintiff objects to the extent it calls for the production of documents covered by attorney-client privilege and/or work-product doctrine. Plaintiff will interpret this request as not seeking such information.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff has previously produced all non-privileged documents seen by the general public which directly discuss the Products at issue in this litigation.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all Documents and Communications, and any other information that you intend to rely upon to support your allegations against Bayer.

**RESPONSE:**

Plaintiff objects to the extent this seeks information covered by the attorney-client and/or work product doctrine, and will interpret the request as not seeking such information.

Plaintiff further objects that the request is overbroad, vague, and ambiguous as it commands identification of "all document and communications, or any other information that you intend to rely upon." This incomprehensively broad phrase could encompass nearly any document. Discovery is in its early stages. Documents have yet to be produced by Defendant, depositions have not been taken, and experts have yet to be disclosed. It is impossible for Plaintiff to know what information may need to be relied upon. This is particularly so as to impeachment, before witnesses have even begun to testify.

This request appears to be an inappropriate attempt to create "gotcha" grounds to exclude evidence at trial by virtue of nothing more than an incomprehensively broad request.

Plaintiff further objects that this request is premature. Plaintiff will make all pretrial disclosures in accordance with a schedule established by the Court.

Dated: October 27, 2023

**REESE LLP**

*/s/ Charles D. Moore*
Charles D. Moore (admitted *pro hac vice*)
*cmoore@reesellp.com*
121 N. Washington Ave., 4th Floor
Minneapolis, Minnesota 55401
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
Michael R. Reese
*mreese@reesellp.com*
Sue J. Nam
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (SBN 316050)
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile (212) 253-4272
Email: *ggranade@reesellp.com*

*Counsel for Plaintiffs and the Proposed Class*