# EXHIBIT K

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

EDISON CORPUZ, Individually and on behalf of all others similarly situated,

Plaintiff,

v.

BAYER CORPORATION,

Defendant.

Case No. 22-CV-01085

Thursday, June 8, 2023

REPORTER'S TRANSCRIPT OF PROCEEDINGS

PAGES 1 THROUGH 11

BEFORE THE HONORABLE JILL L. BURKHARDT
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff: Rees LLP
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211-8807
BY: CHARLES D. MOORE, ESQ.

For Defendant: Lehotsky Keller Cohn LLP
200 Massachusetts Avenue NW
Washington, D.C. 20001-5030
BY: SHANNON MARIE GRAMMEL, ESQ.

Reported by: Stephanie Whitehead, RDR, CRR, CSR #10093
District Court Clerk's Office
333 West Broadway, Suite 420
San Diego, California 92101-3806
(Reported stenographically; transcribed via computer)

THURSDAY, JUNE 8, 2023

-- o0o --

THE CLERK: Calling matter 15, 22-CV-1085.

THE COURT: Would you state your appearances, please.

MR. MOORE: Good morning, your Honor. Charles Moore from Rees LLP on behalf of Plaintiff Edison Corpuz. I have Mr. Corpuz here to my right.

THE COURT: I'm sorry. It's a little hard to hear you.

MR. MOORE: Oh. Terribly sorry, your Honor. Charles Moore from Rees LLP on behalf of the plaintiff. I have Mr. Edison Corpuz here with us today.

THE COURT: Good morning, Mr. Moore. And good morning, Mr. Corpuz.

THE DEFENDANT: Good morning, ma'am.

MS. GRAMMEL: Good morning, your Honor. My name is Shannon Grammel, and I'm here on behalf of the Defendant Bayer Corporation.

THE COURT: Good morning, Ms. Grammel. Okay. Today is the date set for the order to show cause hearing. I issued an order to show cause as to why sanctions should not be imposed against Mr. Corpuz for his failure to appear at our E and E in May. Was it in May? Yes, May 9th. And I asked for a declaration from

Mr. Corpuz. I did receive that declaration. Thank you, Mr. Corpuz.

I had some additional questions which I alerted counsel to at our status, and so I don't know if, Mr. Moore, you have additional information or if you want me to restate my remaining questions.

MR. MOORE: Thank you, your Honor. If you'd like to ask your questions. You had indicated at the status conference that you had questions.

THE COURT: Yes.

MR. MOORE: I wasn't sure what those questions actually were.

THE COURT: All right.

MR. MOORE: So we've presented Mr. Corpuz so that you may inquire of him.

THE COURT: All right. Thank you.

And, Mr. Corpuz, you can step up to the microphone here at the podium. And, Mr. Moore, you can join him up there.

MR. MOORE: Sure. Thank you.

THE COURT: So Mr. Corpuz, I have a declaration from you, and it indicates that you were in contact with counsel via e-mail until approximately May of 2022, and then thereafter, all efforts by counsel to contact you were ineffectual because phone calls, voice mails,

texts, and e-mails were all somehow being diverted and not going through to you.

Is that -- is that correct?

MR. CORPUZ: Yes, your Honor.

THE COURT: Okay. And so were you in contact with anybody from -- from your law firm, from the plaintiff's law firm at all after May of 2022?

MR. CORPUZ: No, I'm not. Till I received the certified mail on the 17th of May.

THE COURT: Okay.

MR. MOORE: If I may, your Honor.

THE COURT: Yes.

MR. MOORE: I do not know if that's actually accurate.

THE COURT: Do you want to talk to your client briefly?

MR. MOORE: Sure.

(Pause in proceedings.)

MR. CORPUZ: I did, your Honor.

THE COURT: I'm sorry?

MR. CORPUZ: I did in July 2022. That was the last time.

THE COURT: Okay. So not after July of '22 --

MR. CORPUZ: Yes.

THE COURT: -- 2022, rather?

And how were they -- how was your counsel able to communicate with you in July of 2022?

MR. CORPUZ: Well, I have a -- last time I spoke to Mr. Moore, he told me that he would get in touch with me after that. But I thought I wouldn't be able to be coming to the court at all. Like, they'll be like represent me like a -- since I -- I don't have to be present or something.

THE COURT: All right. The contact that you had in July of 2022, who was that with? Which individual attorney was that with?

MR. CORPUZ: It's from the company, I mean, the --

THE COURT: The law firm?

Okay. Mr. Moore do you know who that was?

MR. MOORE: Yes, your Honor. It was Michael Rees from our office.

MR. CORPUZ: Oh, okay. My bad. I have a little bit memory problem.

THE COURT: Okay. And Mr. -- Mr. Corpuz, do you remember how Mr. Rees was able to contact you in July of 2022?

MR. CORPUZ: It was an e-mail that I respond, then I -- he asked me question how long I was been taking that med- --

THE COURT: I actually don't want to know what he communicated to you, because the things you say to your attorney and the things your attorney says to you, that's all privileged communication. And so -- so I don't really want to ask you about it, and I don't want you to share with me the content of those conversations. I'm just trying to solve the mystery of where the breakdown came in, in the technology. So that's why I want to know who you were in communication with and how you were able to be reached.

MR. CORPUZ: Okay.

THE COURT: So when you got this letter from counsel telling you that there was this court appearance that you missed and when you got a letter from -- that copy of the order to show cause hearing from the court, you indicate that that alerted you to these technology problems; is that right?

MR. CORPUZ: That's the only time I'm aware about it. And I spoke to him, and I check on my e-mail, and it was in the trash or -- I did receive it there, my regular e-mail.

THE COURT: Okay. Did you say you found it in your trash bin?

MR. CORPUZ: Yeah --

THE COURT: Electronic -- one moment. I want

to make sure my question's clear. Are you saying you found it your electronic trash bin, the trash bin for your e-mail?

MR. CORPUZ: Yeah. Junk mail.

THE COURT: Okay.

MR. CORPUZ: Sorry about that. I have a mental problems. I mean, memory problem.

THE COURT: What's the nature of your memory problems?

MR. CORPUZ: I got a post-traumatic and also I have a head injury in 1978. I was hit by a drunk driver.

THE COURT: Oh, I'm so sorry to hear that.

MR. CORPUZ: And my head went through the windshield.

THE COURT: I'm sorry that you're still feeling the effects of that.

MR. CORPUZ: It's been -- I did 26 years in the Marine Corps. It gradually increases my memory problem.

THE COURT: So it's getting worse, the memory problem?

MR. CORPUZ: It is the way my psychiatrist told me.

THE COURT: Okay. All right.

Do you know why you were not receiving phone

calls or texts or voicemail messages?

MR. CORPUZ: I -- that's -- it's something to do with AT&T. It's blocked automatically or it went to junk mail. I didn't know until I received that letter from Mr. Moore.

THE COURT: All right. And do you know what you did to change the settings on your phone or what adjustments you were able to make so you could receive calls?

MR. CORPUZ: I went through AT&T and checked and is everything okay. They did some changes to setting.

THE COURT: All right. And the court also sent you an e-mail before the --

MR. CORPUZ: That's the one I didn't receive it at all. It's not even in my junk or . . . .

THE COURT: Okay. So what I think I'm hearing you say is the Court's e-mail, that went to you. But that's not anywhere: It's not in junk; it's not in deleted; and you say you never received it.

MR. CORPUZ: No, I did not. It didn't go through my cell phone.

THE COURT: Didn't go through?

MR. CORPUZ: No.

THE COURT: I didn't hear the rest of your

sentence.

MR. CORPUZ: I didn't get any -- anything from the court, only all the e-mail that Mr. Moore sent. Still what was sent to me.

THE COURT: All right. And, Mr. Moore, is it your understanding that there was any communication with Mr. Corpuz after July of 2022, or are you in agreement with Mr. Corpuz that July of 2022 is the last time anyone from your firm was in communication with Mr. Corpuz until after the E and E?

MR. MOORE: That is my understanding, your Honor.

THE COURT: All right. Okay. Thank you for this additional information.

The Court remains deeply concerned. Deeply concerned on one hand about the appropriateness of Mr. Corpuz representing the class in light of his -- his stated memory -- increasing memory problems and his -- his obvious problems with technology. But that's not for me to decide, and that hasn't been briefed, and that's not an issue before me; it's simply a concern of the Court's.

The Court is also very concerned that plaintiff's counsel has had no contact at all with plaintiff since July of 2022 in spite of the fact that

an E and E was set in the case. As a matter of fact, this is the plaintiff in an active, moving-forward case. Not only is it concerning that there was no effective communication after July of 2022, but it's particularly concerning that there were representations made to the Court in advance of the E and E that plaintiff's counsel had some authority in this case. Counsel moved to excuse Mr. Corpuz, represented to the Court that the law firm had authority to settle on behalf of Mr. Corpuz's behalf, which is -- which could not possibly be true when there had been no communication since July of 2022, and Mr. Corpuz didn't even know that there was a settlement conference coming up in the case. So the Court remains very concerned about that.

However, the Court did not issue an OSC against the law firm. Misunderstanding the nature -- not fully understanding the nature of the problems at the time the OSC was issued, it was only issued as to Mr. Corpuz. I'm not going to impose any sanctions against Mr. Corpuz. I do not conclude that Mr. Corpuz is correct that none of these communications got the through to him. I do conclude that he is endeavoring to testify truthfully, and that his ability to understand the technology, and his inability to understand -- recall and accurately report past events is not -- it's

not intentional; it's beyond his control. So I don't find that the imposition of sanctions would be appropriate at this time. So I will dismiss the order to show cause. Thanks to both of you for your appearance today. And thank you to Ms. Grammel.

MR. MOORE: Thank you, your Honor.

MR. CORPUZ: Thank you, your Honor.

THE CLERK: That concludes our calendar. We're now off the record.

CERTIFICATE OF TRANSCRIBER

I certify the foregoing is a true and correct transcript, to the best of my ability, of the official electronic sound recording provided to me in the above-entitled action on the date and time previously stated. I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further, that I am not financially nor otherwise interested in the outcome of the action.

Dated: June 30, 2023

S/ STEPHANIE WHITEHEAD
Stephanie Whitehead, CSR 10093
U.S. Official Court Reporter