**REESE LLP**
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

**REESE LLP**
George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

**REESE LLP**
Charles D. Moore (admitted *pro hac vice*)
*cmoore@reesellp.com*
121 N. Washington Ave., 4th Floor
Minneapolis, Minnesota 55401
Telephone: (212) 643-0500

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO DIVISION**

| | |
|---|---|
| DONIECE DRAKE, DEBORAH BOWLING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER HEALTHCARE LLC,<br><br>Defendant. | Case No. 3:22-cv-01085-MMA-JLB<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS**<br><br>Date: June 24, 2024<br>Time: 2:30 PM<br>Place: Courtroom 3C<br>Judge: Honorable Michael M. Anello<br><br>Complaint filed: July 25, 2022<br>Trial Date: Not Set |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant and its counsel have engaged in a pattern of abusive litigation tactics. While Plaintiffs previously let such behavior pass—instead focusing on prosecuting the merits of the matter—Plaintiffs can no longer do so now that Defendant has repeatedly threatened sanctions and attempted to intimidate Plaintiffs, Plaintiffs' expert, and Plaintiffs' counsel. Enough is enough.

This Court should impose sanctions against Defendant and its counsel under Federal Rule of Civil Procedure 11 for (1) improperly threatening sanctions for tactical purposes and (2) knowingly misstating facts in signed filings with the Court.

## I. BACKGROUND

### A. IMPROPER THREATS OF SANCTIONS

Defendant served a motion for sanctions on Friday, April 19, 2024 then filed its opposition to Plaintiffs' class certification motion that following Monday on April 22, 2024. The timing of Defendant's Rule 11 motion was not accidental. Before Defendant filed its opposition to class certification, Defendant knew that Plaintiffs' expert, Dr. Andrea Lynn Matthews, had conducted an additional survey to test consumer perception and materiality of the term "Natural" on the Product. This research was conducted *after* the filing of her opening report and in *anticipation* of potential arguments that may be raised in Defendant's opposition to Plaintiffs' opening brief. The survey data was disclosed and produced to Defendant on April 2, 2024 well before the May 22, 2024 deadline to serve and file any reply expert reports. *See* ECF No. 81, at ¶ 4.

That data contradicted Defendant's argument made in opposition to class certification:

> Plaintiffs' expert has offered no proof of deception whatsoever— classwide or otherwise. Dr. Matthews opined that consumers are not deceived by the product's use of the word "Natural." Her report concluded that "there is no statistical impact of removing a 'Natural'

label from the product on consumer belief that the Product only contained natural ingredients." ECF 90-23 ¶ 37. Put otherwise, the word "Natural" does not influence consumer beliefs.

ECF No. 96 at 15.

Thus, Defendants sought to preemptively discredit any evidence that Plaintiffs may later submit on reply, hence Defendants' repeated reference to its service but not filing of a Rule 11 motion in its opposition to Plaintiffs' motion for class certification. *See id.* at 1, 6, 12.

Defendant made its intent clear: to win—not on the merits—but by bullying Plaintiffs and their counsel. *See* ECF No. 96 at 12 ("Defendant will file with this Court [a Rule 11 motion] should Plaintiffs refuse to withdraw their class certification motion.").

Along the same lines, Defendant's counsel repeatedly threatened Rule 11 sanctions if Plaintiffs did not dismiss their action. *See* the Declaration of Charles D. Moore ("Moore Decl.") at ¶ 3. Defendant's counsel even threatened Plaintiffs' expert and Plaintiffs' counsel on the record:

> Q. Have you spoken to an attorney about your obligations under that Federal Rule?
>
> A. Not with regard to this matter.
>
> Q. So the answer is no, you've not?
>
> A. No.
>
> Q. Do you plan to?
>
> A. I don't know.
>
> Q. Do you understand your personal liability if you violate that rule intentionally?
>
> A. I have not considered it, but I imagine it would be similar to other consequences for violating --
>
> Q. I would strongly advise that you hire an attorney before listening

to Mr. Moore ask me to violate Federal Rule 26.

MR. MOORE: Counsel, that is inappropriate.

MR. COHN: No, Charlie, what you did is utterly inappropriate, in violation of the rules. We will be seeking sanctions against you later on today. You might want to call your partners and let them know.

Excerpt of Transcript of the Deposition of Dr. Matthews ("Matthews Dep.") at 15:12-16:22, attached as Exhibit 1 to Moore Decl.

Q. You'd probably want to talk to your dad about the propriety or impropriety of supporting a lawyer who's making a false claim to a Court, correct?

MR. MOORE: Objection. That's argumentative. That's inappropriate.

*Id.* at 275:3-7.

### B.   MISLEADING STATEMENTS IN DEFENDANT'S OPPOSITION TO CLASS CERTIFICATION

In Defendant's signed opposition to Plaintiffs' motion for class certification, Defendant cited an excerpt from the deposition of Plaintiff Drake, characterizing this testimony as demonstrating that Plaintiff never purchased the Product. ECF No. 96 at 4-5, 8-9.

The reality is that Defendant's counsel elicited this testimony by making misleading statements about the Product to the witness:

Q. What colors of the fruit bite did you get?

A. I don't remember.

Q. Did you get the red ones?

A. I don't remember?

Q. The green ones?

A. I don't remember?

| | |
|---|---|
| 1 | Q. Do you have any recollection which colors you got? |
| 2 | A. No. |
| 3 | Q. Do you have any recollection what shape it was? |
| 4 | A. No. |
| 5 | |
| 6 | Q. Were they the gummy bears? |
| 7 | A. Trying [sic] remember the texture. Gummy bear? I don't— I don't remember if they were gummy bears. |
| 8 | |
| 9 | Q. Were they the round ones? |
| 10 | A. They could have been. |
| 11 | Q. Were they the ones that are shaped like clovers? |
| 12 | A. I don't' remember. |
| 13 | Q. You have no recollection what they look like, right? |
| 14 | |
| 15 | A. No. They might – they could have been round. That's the only thing I can remember. |
| 16 | Q. And what flavor did you get? |
| 17 | A. That I do not remember. |
| 18 | |
| 19 | Q. The banana ones? |
| 20 | A. I don't remember. |
| 21 | Q. Peach? |
| 22 | A. I don't remember. |
| 23 | Q. Blue raspberry? |
| 24 | A. I don't remember |
| 25 | * * * |
| 26 | |
| 27 | Q. Okay. Did you ever buy the sour ones? |
| 28 | A. That I - - I don't believe I have. |

1  Q. How about the - - the pear sugary ones?

2  A. I don't believe I have.

Excerpt of Transcript of the Deposition of Plaintiff Drake ("Drake Dep.") at 135:1-136:7; 137:21-24, attached as Exhibit 2 to Moore Decl. Defendant's counsel asked nearly identical questions in Plaintiff Bowling's deposition. *See* Excerpt of Transcript of the Deposition of Plaintiff Bowling ("Bowling Dep.") at 24:21-25; 29:15-17; 29:23-30:4, attached as Exhibit 3 to Moore Decl.

The Products at issue do not come in the color green, nor are they gummy bear, round, or clover-shaped. They do not come in banana, peach, blue raspberry, sour, or pear sugary flavors. *See* ECF No. 96 at 8 ("The Natural Fruit Bites had a distinct shape, color, and taste—they are square, brownish red, and apple-flavored."). Defendant's questions at Plaintiffs' respective depositions presented false information in an attempt to mislead the witnesses into agreeing to a false statement about the Products. Defendant then latched onto Plaintiffs' tentative acquiescence to the possibility that the Product were round or multicolored to claim Plaintiffs did not buy the Products at all. *See* ECF No. 96 at 8 ("[Plaintiff Drake] thought the product was 'round.' . . . She could not remember its flavor, texture, or color.").

Similarly, Defendant manipulated the testimony of Plaintiffs' expert by forbidding her to discuss the later surveys that found consumer confusion and materiality regarding the word "Natural" on the Product's package, which testimony would directly contradict Defendant's argument that Dr. Matthews has no such evidence. *See* ECF No. 96 at 15, 18-19. In fact, Defendant's counsel repeatedly threatened Dr. Matthews against discussing any data or findings in her later research of the term "natural" on the Product's label:

BY MR. COHN:

Q. All right. I am not going to depose you based on -- upon a report

> you've not yet written. You understand that, right?
>
> \* \* \*
>
> Q: You're not going to say a single word about that unwritten report today, are you?
>
> A. I -- if requested to do so, I will not.
>
> Q. I'm requesting you not to violate the rules. Do you understand that?
>
> Q. So when I ask you about your opinions, it'll be the opinions that you have already produced to us. You understand that, right?
>
> Q. I'm not going to ask about opinions that you might or might not have based upon reports you've not yet written. You understand that, right?
>
> A. Yes.
>
> Q: All right. So ignoring this report that's not yet been written, does your Declaration reflect a complete statement of all opinions that you will express?

Matthews Dep. at 16:9-17:10.

> Q. . . . Okay. So based on what you know, you have no reason to believe that reasonable consumers believe the "natural" word means the products do not contain synthetic ingredients, correct?
>
> A. Based on this report, that is correct
>
> Q. And the other evidence that you know, right? You -- because you said you've not seen any other evidence, right?
>
> A. You told me not to talk about the other study.

*Id.* at 272:21-273:5.

I. **ARGUMENT**

Attorneys must "conduct[] a reasonable inquiry" and "determine[] that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (cleaned up).

Defendant's argument that Plaintiffs are inadequate because "[n]either appears to have bought to product," ECF No. 96 at 8, is based on its misconduct. Defendant's counsel made false statements to Plaintiffs in order to mislead them—conduct prohibited by the ethics rules. The California Professional Rules of Ethics Rule 4.1 states in relevant part: "In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person." Courts throughout the country have admonished the practice of misleading a witness during a deposition. *Price v. Gwinnett Family Dental Care*, 2007 WL 3477771, at *3 (N.D. Ga. Oct. 31, 2007) ("If, as Defendant asserts, Mr. Dozier intentionally lied to a witness, his behavior constitutes, a violation of both the old and the revised ethics rules"); *see also REXA, Inc. v. Chester*, 42 F.4th 652, 672 (7th Cir. 2022) ("But such sharp tactics—manipulating documents in an attempt to mislead a witness—are improper, and they support a trial court's decision to sanction the responsible party."); *cf Wi-LAN Inc. v. LG Elec.*, 2019 WL 5067442 (S.D. Cal. Oct. 9, 2019) (analyzing deposition questions under Rule 4.1 to determine if they contain false statements to the witness).

Not only did Defendant mischaracterize the testimony of Plaintiffs and their expert in its signed opposition to class certification, but Defendant then cited that testimony in Defendant's proposed Rule 11 motion. In other words, **Defendant** used the fruit of **its own misconduct** to claim that **Plaintiffs** somehow engaged in wrongdoing. Defendant knows no shame.

Defendant's references to a served but not filed Rule 11 motion in its signed opposition to class certification and in its discovery motion are for improper purposes. Defendant's threats of Rule 11 sanctions are clear violations of the Rule Committee's statement that Rule 11 sanctions should not be used "as a discovery device," "to exact an unjust settlement," or "to intimidate an adversary into withdrawing contentions that are fairly debatable." See Fed. R. Civ. P. 11 advisory

committee's note to 1993 amendment. Moreover, Defendant's repeated reference to the Court of its threatened Rule 11 motion prior to its filing is a violation of both the letter and the spirit of Rule 11's safe harbor provision that mandates that any Rule 11 motion cannot "be presented to the court" prior to 21 days after service of the motion. Fed. R. Civ. P. 11(c)(2). *See also Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005) ("We enforce this safe harbor provision strictly").

Defendant is using the threat of sanctions to bully Plaintiffs, their counsel, and their expert. Defendant is improperly leveraging Rule 11 to make Plaintiffs withdraw claims that survived Defendant two motions to dismiss, withdraw their motion for class certification, and refrain from submitting evidence on materiality of and deception by the Product's use of the word "Natural." However, Plaintiffs' counsel does not bow to bullies, and courts frown upon such behavior. *See Davis v. Pinterest, Inc.*, 2023 WL 8812871, at *1 (N.D. Cal. Dec. 20, 2023) (expressing "concerns about Defendant's motives" in threatening Reese LLP and seeking costs against its client and "declin[ing] the apparent invitation to impose costs as some sort of warning to current or future litigants."). Defendant's misleading statements in signed filings and its transparent misuse of the sanctions device should not be allowed.[1]

## I.   CONCLUSION

The Court should grant Plaintiffs' motion for sanctions against Defendant and its counsel under Rule 11 and award Plaintiffs' reasonable attorney fees in filing this motion and otherwise responding to Defendant's improper threats.

---

[1] Bullying and deceptive tactics appear to be Lehtosky Keller LLP's modus operandi. *See, e.g., Clapper v. Am. Realty Inv., Inc.*, 2018 WL 11430844 (N.D. Tex. Sept. 24, 2018) (sanctioning defendant represented by Lehotsky Keller LLP for trying to depose the plaintiff's counsel and failing to comply with discovery orders). Moreover, threatening sanctions is hardly "rare" for Lehtosky Keller LLP but rather a tool it regularly uses for gamesmanship.

Date: May 22, 2024

Respectfully submitted,

**REESE LLP**

By:  /s/ *Sue J. Nam*
Sue J. Nam (SBN 206729)
*snam@reesellp.com*
Michael R. Reese (SBN 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

**REESE LLP**
Charles D. Moore
(admitted *pro hac vice*)
*cmoore@reesellp.com*
121 N. Washington Ave., 4th Floor
Minneapolis, Minnesota 55401
Telephone: (212) 643-0500

**REESE LLP**
George V. Granade (SBN 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

*Counsel for Plaintiffs and the Proposed Class*