**REESE LLP**
Michael R. Reese (SBN 206773)
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Email: *mreese@reesellp.com*

[Additional Counsel on Signature Page]

*Counsel for Plaintiffs Doniece Drake and Deborah Bowling and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

DONIECE DRAKE and DEBOROAH BOWLING, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

BAYER HEALTHCARE LLC,

Defendant.

Case No. 3:22-cv-01085-MMA-JLB

**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

**[REDACTED]**

Date: To be determined
Time: To be determined
Place: Courtroom 3C
Judge: Honorable Michael M. Anello

Complaint filed: July 25, 2022
Trial date: Not set

The question for the Court at this stage is not whether Plaintiffs will succeed on the merits, but whether this matter meets the standard of Federal Rule of Civil Procedure 23 for class certification. That test is easily met here. Defendant does not contest numerosity, and Plaintiffs have shown commonality. ***All*** of the labels on the Products displayed the same "NATURAL" statement; Defendant admits that ***all*** of the vitamins in ***all*** of the Products are synthetic; and Plaintiffs' claims are subject to the objective "reasonable consumer" standard. Plaintiffs have offered expert testimony that reasonable consumers would be misled by the Product's "NATURAL" front-label representation and that representation was material to consumers. Defendant has offered its own expert testimony that the representation did not matter to consumers. This is a classic "battle of the experts," where both sides have presented common evidence in support of their positions.

[redacted]

Finally, Plaintiffs propose conducting a conjoint analysis to determine the price premium charged by Defendant because of the misrepresentation. Conjoint analysis is widely accepted for purposes of calculating classwide price premiums in deceptive advertising cases, and the Ninth Circuit recently held that a proposal for such an analysis is sufficient at the class certification stage. *Lytle v. Nutramax Laboratories, Inc.,* 99 F.4th 557, 571 (9th Cir. 2024) ("Requiring that class action plaintiffs actually prove classwide injury at this stage would improperly conflate the class certification inquiry with the merits.").

Because Plaintiffs have demonstrated all of the requirements of Rule 23, class certification should be granted.

## I. ADEQUACY AND TYPICALITY HAVE BEEN MET

Defendant's Opposition to Plaintiffs' Motion for Class Certification ("Opp.") relies on improper mudslinging and the wrong legal standard. While the former is unprofessional, the latter invites reversible error.

### A. ADEQUACY OF PLAINTIFF

"Although [Defendant] names both typicality and adequacy in its argument, its contention that Plaintiffs will be preoccupied with unique defenses falls within our typicality caselaw." *DZ Reserve v. Meta Platforms, Inc.*, 96 F.4th 1223, 1238 (9th Cir. 2024). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Id.* (internal quotation omitted).

In an attempt to manufacture a "unique defense," Defendant falsely claims that Plaintiffs did not buy the Products. *See* Opp. at 8-9. Both Plaintiffs, however, testified repeatedly that they purchased the Products.[1] Defendant ignores this unequivocal testimony to fabricate an argument that, because Plaintiffs could not remember certain details about the Products, they could not have bought them. The Court should reject Defendant's attempt to miscast Plaintiffs' testimony, especially because defense counsel purposely attempted to mislead Plaintiffs about the Products' color, shape, and flavor at their depositions. Defense counsel's improper

---

[1] *See, e.g.,* Reply Declaration of Charles Moore ("Moore Reply Decl."), Ex. 23 Drake Dep., at 138:17-18 ("Q. Okay. Are you sure you bought the product? A. Yes."); Ex. 24, Bowling Dep., at 30:22-24 ("Q. How many bottles did you buy? A. I bought them for a couple of years, so once a month."). *See also* Exs. 21 and 22 for additional testimony. Accordingly, unlike *Woodhams v. Glaxosmithkline Consumer Healthcare Holdings (US) LLC*, 2024 WL 1216595 (S.D.N.Y. Mar. 21, 2024), Plaintiffs' testimony was unequivocal that they purchased the Products.

behavior is the subject of Plaintiffs' motion for Rule 11 sanctions. *See* ECF No. 107.

Defendant next contends that Plaintiffs did not "care about that the word "Natural" on the label," Opp. at 9, yet Plaintiffs testified repeatedly that they purchased the product because it said "natural."[2]

By repackaging reliance as an issue of typicality and adequacy, Defendant is inviting the Court to commit reversible error. Reliance is not an element of the GBL claims. *See Sharpe v. A&W Concentrate Co.*, 2021 WL 3721392, at *2 (E.D.N.Y. July 23, 2021) ("liability does not depend on whether class members relied upon the [mis]representation when they purchased the [product at issue], nor does it depend on whether the product met their personal, subjective expectations"). Equally, the Ninth Circuit has "emphasized that "the defense of non-reliance is not a basis for denial of class certification and reliance is more appropriately considered at the merits stages." *DZ Reserve*, 96 F.4th at 1239 (internal edits and quotation omitted).

This case is no different from *Farar et al. v. Bayer AG*, where the court rejected this same Defendant's attempt to make this same "unique defenses" argument based on its claim that the plaintiff "did not rely on advertising in making her purchase." *Farar*, 2017 WL 5952876, at *6 (N.D. Cal. Nov. 15, 2017). The *Farar* court noted:

> Defendants focus the[ir] argument on the wrong parties. In determining whether typicality is met, the focus should be on the defendants' conduct and the plaintiffs' legal theory, not the injury caused to the plaintiff. Indeed, plaintiffs and class members all allege injury from the same conduct of defendants, which was not unique to any individual plaintiff. While defendants point to minor differences among or potential defenses to each

---

[2] *See, e.g.,* Drake Dep. 64:16-17 ("A. No. I just cared that it said 'natural' on it"); 74:4-5 ("A. I just knew that it said 'natural.' That's the only thing that I – I really cared about"); Bowling Dep. 109: 12-13 ("A. No. It's something I care about. I prefer natural or organic products and vitamins also"); *see also* Moore Reply Decl. Exs. 25 and 26 for additional testimony from Plaintiffs Drake and Bowling.

> named plaintiff's claims, accepting defendants' arguments would demand that the representative claims be substantially identical to those of absent class members. This Circuit has expressly rejected such a showing. Plaintiffs have therefore established typicality.

*Id.* (internal quotations and citations omitted).

Finally, Defendant claims that Plaintiffs are too ignorant to act as class representatives. Opp. at 11. But "the Supreme Court expressly disapproved of attacks on the adequacy of a class representative based on the representative ignorance, noting … the named plaintiff need not have specific knowledge of the material facts in support of his claim." *Mulderrig v. Amyris, Inc.*, 340 F.R.D. 575, 583 (N.D. Cal. 2021). Indeed, "objections to adequacy based on a named representative's alleged ignorance are disfavored." *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 544 (N.D. Cal. 2018). "Even if the named plaintiffs have relied heavily on the advice of attorneys and others, it is hardly a badge of inadequacy to seek help from those with relevant expertise, particularly in a complex case like this one." *Id.*

Here, "the named plaintiffs have been willing and able to perform the duties required of them, such as attending depositions and assisting their counsel in preparing responses to discovery." *Munoz v. PHH Mortgage Corp.*, 478 F. Supp. 3d 945, 986 (E.D. Cal. 2020). Both are very well aware of their duties as class representatives. In fact, when asked what she wanted, Ms. Bowling responded: "I would like to see the word 'natural' taken off the label and anyone that is feeling they were deceived by that to be refunded I – I mean, I'm thinking of the other people in this lawsuit." Bowling Dep. 262:1-4; *see also id.* 263:18-264:1.

### B. ADEQUACY OF PLAINTIFFS' COUNSEL

Defendant engages in specious mudslinging in an attempt to defeat class certification. This self-serving tactic has been repeatedly rejected:

> It is often the defendant, preferring not to be successfully sued by anyone,

> who supposedly undertakes to assist the court in determining whether a putative class should be certified. When it comes, for instance, to determining whether the representative parties will fairly and adequately protect the interests of the class … it is a bit like permitting a fox, although with a pious countenance, to take charge of the chicken house.

*Eggleston v. Chicago Journeymen Plumbers' Union.*, 657 F.2d 890 (7th Cir. 1981).

Defendant's attacks on Plaintiff's counsel are meritless, and "one has to take objections by defendants to adequacy of class counsel with a grain of salt." *In re Nat. W. Life. Ins. Deferred Annuities Litig.*, 268 F.R.D. 652, 662 (S.D. Cal. 2010). Here, it's more like a block of salt. *See* ECF No. 107. None of Defendant's attacks show Reese LLP (a) has any conflict of interest with the class or (b) has not vigorously prosecuted this action and will not continue to do so. *See Schmitt v. Younique LLC*, 2019 WL 1431906, at *6 (C.D. Cal. Jan. 10, 2019) (rejecting similar arguments for inadequacy of counsel).

Plaintiffs and their counsel will fairly and adequately represent the class.

## II. COMMONALITY AND PREDOMINANCE HAVE BEEN MET

### A. COMMON EVIDENCE OF DECEPTION

Defendant contends predominance fails because consumers have different understandings of the word "natural." *See* Opp at 15-17. Defendant again invites reversible error by asking the Court to apply a subjective standard (*i.e.*, what each class member understands) rather than the objective standard. (*i.e.*, what the reasonable consumer understands). *See Tan v. Quick Box, LLC*, 2024 WL 150611, at *11 (S.D. Cal. Jan. 12, 2024) ("Under the UCL, FAL, and CLRA, individual proof of deception, reliance, and injury is not required because these claims look instead to the objective reasonable consumer test to determine whether misrepresentations and omissions … were material and likely to deceive a reasonable consumer").

Defendant never addresses the fact that (1) all of the labels contain the same "NATURAL" claim in the same location and font; (2) it admitted all of the vitamins are synthetic; and, [redacted]

[redacted] *See* Opening Brief, ECF No. 90, at 12-13. Additionally, the perception surveys conducted by Plaintiffs' expert show that the label in its entirety ***and*** the "NATURAL" representation in isolation from the unchallenged elements misled the majority of consumers to believe the Products contain only natural ingredients. *See* Matthews Reply Report at ¶¶ 6-13.

The analysis in *Vizcarra v. Unilever United States* is on-point. In *Vizcarra I*, the court denied certification on the grounds that the plaintiff's expert did not test the specific representations but rather the package as a whole. *Vizcarra*, 339 F.R.D. 530, 539 (N.D. Cal. 2021) ("*Vizcarra I*"). In *Vizcarra II*, on a renewed motion for class certification, "[t]he revised perception survey involved presenting to respondents an un-branded ice cream product that displayed only the Vanilla Representations on the front label of the product." *Vizcarra*, 2023 WL 2364736, at *10 (N.D. Cal. Feb. 24, 2023) ("*Vizcarra II*"). The *Vizcarra* court accepted this second survey, stating "[u]nlike his prior perception survey, Dr. Dennis' revised perception survey *does* test the effect of the Vanilla Representations on consumers' perceptions, consistent with Vizcarra's theory of liability." *Id.* at *11 (emphasis in original). Like *Vizcarra II*, Plaintiffs have provided a second perception survey that isolates the "NATURAL" claim from the unchallenged elements of the Product labels. This follow-up survey confirms that a majority of consumers believe the word "NATURAL" means the Product contains only natural ingredients. Matthews Reply Report ¶¶ 6-13. Specifically, the number of consumers who believed it contained only natural ingredients increased from 15.5% to 58.6% when the word "NATURAL" was included. This demonstrates a common understanding for the "NATURAL" representation that aligns with Plaintiffs' theory of liability. *See* SAC ⁋⁋ 18, 19.

**B. COMMON EVIDENCE OF MATERIALITY**

In challenging materiality, Defendant again invites reversible error by seeking to import reliance into the GBL claims. Opp. at 18. For the CLRA claims, materiality is judged on an objective rather than a subjective standard. *See Lytle*, 99 F.4th at 581 ("Because materiality (and, hence, in this case reliance) may be proved by reference to an objective, reasonable consumer standard, reliance under the CLRA is generally susceptible to common proof.").[3] As the Ninth Circuit made clear:

> This construction of the reliance requirement comports with the objectives of the CLRA more generally. The California legislature has declared that the CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Cal. Civ. Code § 1760. Consistent with this remedial objective, we have suggested that CLRA claims are "ideal for class certification because they will not require the court to investigate class members' individual interaction with the product."

*Id.* at 583 (internal quotation omitted).

Plaintiffs' materiality surveys show the vast majority of consumers prefer a product labeled as "natural" (76.9%), and an even larger majority prefer a product containing only "natural" ingredients (87.7%).[4] *See* Matthews Report, ECF No. 90-26, ⁋ 73, 78, 80, 196, 197; *see also generally* Matthews Reply Report, ¶¶ 59-62, 72-161 (defending her materiality conclusions). Thus, a jury can determine that the "natural" claim and having only natural ingredients are important to the purchase

---

[3] Despite not needing to show reliance, Ms. Drake repeatedly testified that she cared about the "NATURAL" claim. *See supra* n. 2. Ms. Bowling also repeatedly testified that she cared about the "NATURAL" representation, and Defendant's oblique attack on her is baseless. *Id.*

[4] Defendant's argument that these surveys tested "preference, not materiality," Opp. at 19, ignores the established law that the reason does not need to be the "*sole* or even the *decisive*" reason for the purchase. *Lytle*, 99 F.4th at 582 (emphasis in original).

decision of a reasonable consumer.

Defendant attacks these surveys through the report of Dr. Ran Kivetz, who presents his own survey on materiality.[5] Courts, however, repeatedly recognize that this is a battle of experts underscoring the appropriateness of class certification. For example, in *Yates v. Traeger Pellet Grills,* the court certified the class, holding that:

> Dr. Kivetz disagrees strenuously with Plaintiffs' experts about proper survey design. Yet Plaintiffs' experts likewise disagree with Dr. Kivetz. At best, [defendant] has shown there will be a battle of experts at some point down the road. Though Rule 23(b) entails overlap with the merits, this is not the time to conclusively decide the merits or to exclude experts.

*Yates v. Traeger Pellet Grills*, 2023 WL 7167629, at *4 (D. Utah Sept. 7, 2023).

[redacted] This is similar to the situation in *Farar*, where the court certified a class action against Defendant for its One-a-Day product's claims that it supports "heart health," "immunity," and "physical energy." *Farar*, 2017 WL 5952876, at *1 (N.D. Cal. Nov. 15, 2017). In opposing certification, Defendant argued, just as it does here, that the plaintiffs could not establish predominance because the representations were not material. *Id.* at *11. But the plaintiff presented internal research showing the claims were "purchase drivers." [redacted]

In *Farar*, Defendant also pointed to a report of Dr. Kivetz who "found 'no statistical difference in the likelihood of purchasing the disputed Bayer product

---

[5] Plaintiffs' expert provides detailed analyses and criticisms of Dr. Kivetz's conclusions and opinions in the Matthews Reply Report. *See* ¶¶ 37-58.

between the test group respondents and the control group respondents." *Id.* at *13. But the *Farar* court rejected Defendant's predominance argument, noting:

> Dr. Kivetz's surveys, conducted for purposes of this litigation, are somewhat undermined by defendants' own materials already discussed.... In light of defendants' documents on marketing strategies, Dr. Kivetz's surveys are inconclusive as to the question of materiality of the disputed claims, and cannot overcome plaintiffs' showing as a matter of law.

*Id*; *see Schmitt*, 2019 WL 1431906, at *8 (finding sufficient evidence of reliance where the "natural" and "green tea" ingredients claims were visible on all packaging).

### C. Common Methodology for Classwide Damages

Through the expert report of Dr. William Ingersoll (ECF No. 90-22), Plaintiffs presented a common method for calculating damages through their proposed conjoint analysis, which "is a well-accepted technique that is frequently used to establish damages in CLRA actions." *Lytle*, 99 F.4th at 579.

In arguing it is "common sense" that a plaintiff cannot be damaged if they did not see the claim, Opp. at 21, Defendant is once again seeking to interject reliance into the GBL claims. *See Sharpe*, 2021 WL 3721392, at *2 (rejecting argument that "[i]f the labels did not mislead plaintiffs … they did not suffer an injury that is fairly traceable to the challenged conduct"). Likewise, Defendant's "common sense" argument, which is not supported by any authority, conflates reliance with injury, which are separate elements under the CLRA.

Defendant next argues that Plaintiffs could not have been injured because Defendant did not charge extra for the "NATURAL" claim. Opp. at 21. But such arguments are premature at the class certification stage because they go to whether the class members were injured, not whether the evidence of injury is common. *Lytle*, 99 F.4th at 572; *Sharpe*, 2021 WL 3721392, at *8. Defendant also argues that Plaintiffs have "not offered any common proof of classwide damages" because they

have not yet performed the conjoint analysis. Opp. at 22. But this argument was squarely rejected by the Ninth Circuit in *Lytle*. *See Lytle*, 99 F.4th at 571.

Defendant did not file a *Daubert* motion and thus has not challenged the scientific reliability of Dr. Ingersoll's proposed damages analysis. Instead, Defendant lodges two attacks on Plaintiffs' damages model, which apply to ***all*** of the class members.

*First*, it argues the proposal does not measure damages because it refers to "natural ingredients" instead of "natural vitamins." Opp at 23. But Plaintiff has always argued that the "natural" label is deceptive because the Product contains synthetic ingredients. *See, e.g.*, SAC at ¶¶ 18; 19. *Second*, Defendant argues that Dr. Ingersoll fails to account for supply-side factors. Opp. at 23-24. But this argument ignores the fact that Dr. Ingersoll's proposal uses the marketplace prices and quantities, as obtained from third-party Circana, a company that collects scanner data, and retail prices, from stores that sell the Products . It also ignores the vast body of caselaw that supports that use of the market price and quantities to satisfy the supply-side factor. *See* Opening Brief at 19 (gathering cases). To the extent, Defendant challenges this based on the opinions of its expert, Dr. Kivetz, this is a battle of experts and thus a matter of weight for the trier of fact. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) ("A factual dispute is best settled by a battle of the experts before the fact finder, not by judicial fiat.").

**CONCLUSION**

For the reasons stated above and in Plaintiffs' Opening Brief, the standard for Federal Civil Procedure Rule 23 has been met. Therefore, the motion for class certification should now be granted.

Date: May 29, 2024

Respectfully submitted,

**REESE LLP**

*/s/ Michael R. Reese*

Michael R. Reese (SBN 206773)
Sue J. Nam (SBN 206729)
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Email: *mreese@reesellp.com*

**REESE LLP**
George V. Granade (SBN 316050)
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272
Email: *ggranade@reesellp.com*

Charles D. Moore (admitted *pro hac vice*)
121 N. Washington Ave., 4th Floor
Minneapolis, MN 55401
Telephone: 212-643-0500
Facsimile: 212-253-4272
Email: *cmoore@reesellp.com*

*Counsel for Plaintiffs Doniece Drake and Deborah Bowling and the Proposed Class*