**REESE LLP**
Michael R. Reese (SBN 206773)
*mreese@reesellp.com*
Sue J. Nam (SBN 206729)
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

**REESE LLP**
Charles D. Moore (admitted *pro hac vice*)
*cmoore@reesellp.com*
121 N. Washington Ave., 4th Floor
Minneapolis, Minnesota 55401
Telephone: (212) 643-0500

**REESE LLP**
George V. Granade (SBN 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO DIVISION**

DONIECE DRAKE, DEBORAH BOWLING, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

BAYER HEALTHCARE LLC,

Defendant.

Case No. 3:22-cv-01085-MMA-JLB

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR RULE 11 SANCTIONS**

Date: June 24, 2024
Time: 2:30 p.m.
Place: Courtroom 3C
Judge: Honorable Michael M. Anello

Complaint filed: July 25, 2022
Trial Date: Not Set

**INTRODUCTION**

Defendant Bayer Healthcare LLC opposes Plaintiffs' motion for sanctions (ECF No. 107, the "Plaintiffs' Motion") with nearly 20 pages of briefing that fail to address the core conduct at issue: Defendant's improper use of Rule 11 sanctions to achieve what they cannot through legitimate motion practice. *See* ECF No. 111 ("Def. Opp."). Unable to defend the indefensible, Defendant resorts to deflection. Contrary to Defendant's mischaracterization (Def. Opp. at 8, 18), the "bulk" of Plaintiffs' Motion is not about discovery disputes and certainly not meant to harass Defendant's counsel but rather to hold Defendant and its counsel accountable for their abuse of judicial process. Defendant seems to take offense at the characterization of its counsel as using bullying and deceptive tactics, but defense counsel's improper conduct in this case is on the record and indisputable. Defendant's counsel sought to intimidate and coerce (*i.e.*, bully) both Plaintiffs' expert witness and Plaintiffs' counsel by making threats of sanctions, then taunted Dr. Matthews that she would "probably want to talk to [her] dad" and Mr. Moore that he "might want to call [his] partners." Counsel also misrepresented to the named Plaintiffs *(i.e.*, deceived) that the Product is sold in shapes, colors, and flavors that do not exist. Defendant and its counsel simply have no valid justifications for the conduct that is the subject of Plaintiffs' Motion.

**I. DEFENDANT'S IMPROPER USE OF RULE 11 SANCTIONS**

As Defendant concedes, a court "may impos[e] Rule 11 sanctions on the moving party and/or her attorney." Def. Opp. at 18 (citing *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F.Supp.2d 407 (S.D.N.Y. 2003)); *see also Simpson v. California Pizza Kitchen, Inc.*, 2013 WL 12114487, at *5 (S.D. Cal. Oct. 23, 2013) ("the filing of a motion for sanctions is itself subject to the requirements of the rule"). That is precisely what Plaintiffs seek against Defendant for its objectively baseless motion for sanctions and improper threats of sanctions. A party defending a Rule 11 motion

need not file a cross-motion for a court to award reasonable expenses, including attorney's fees incurred in opposing the motion. *Safe-Strap* 270 F.Supp.2d at 421; *Simpson*, 2013 WL 12114487, at *5. Despite this, Plaintiffs afforded Defendant notice and filed a separate motion.

Had Defendant done even the most cursory research, including reading cases that Defendant itself cites, Defendant would know that there is and was no legal support for sanctions against Plaintiffs. Defendant cites *Safe-Strap* in its opposition without heeding its import. The court in *Safe-Strap* explained:

> In assessing whether Rule 11 sanctions should be imposed, the court does not judge the ***merits*** of an action. Rather, the court determines a ***collateral issue***: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.

*Safe-Strap*, 270 F.Supp.2d at 417 (internal edits, citations, and quotations omitted) (emphasis added).

Defendant's motion for sanctions goes only to the merits, whereas Plaintiffs' Motion properly challenges the collateral issue of Defendant and their counsel's abuse of the judicial process. Defendant expressly acknowledges that its threat and use of sanctions are to attack the merits of Plaintiffs' complaint and motion for class certification. Defendant, in its own words, lays out its fundamental misuse of Rule 11:

> Plaintiffs' case has no merit, the complaint should never have been filed, and Plaintiffs had no basis to seek class certification. Defendant has every right to pursue sanctions for the time expended and expenses incurred litigating this frivolous lawsuit, and they properly informed Plaintiffs' counsel of that intent.

Def. Opp. at 16.

Defendant knew or should have known that Plaintiffs' complaint was not frivolous ***as a matter of law*** because Plaintiffs' claims survived Defendant's motions to dismiss. *See Simpson v. California Pizza Kitchen, Inc.*, 2013 WL 12114487, at *5 (S.D. Cal. Oct. 23, 2013) (concluding that the plaintiff's claims were not frivolous

under Ninth Circuit law because the court had granted defendant's motion to dismiss *without* prejudice); *Lopez v. Stages of Beauty, LLC*, 307 F.Supp.3d 1058 (S.D. Cal. 2018) (Anello, J.) (claim that survived the defendant's motion to dismiss and even claim that was dismissed were not frivolous and not sanctionable). Here, this Court ***twice*** denied Defendant's motions to dismiss, yet Defendant improperly used Rule 11 to again seek dismissal with prejudice of the entirety of Plaintiffs' case, the harshest of all sanctions. *See Safe-Strap,* 270 F.Supp.2d at 418-19 ("Although a court has the discretion to dismiss an action with prejudice as a sanction pursuant to Rule 11, dismissal is the harshest sanction available to a district court and should thus be imposed only in extreme circumstances.") (internal edits, citations, and quotations omitted).

Defendant also explicitly stated in its opposition to class certification that it would file its Rule 11 motion "should Plaintiffs refuse to withdraw their class certification motion." ECF No. 96 at 12. Again, Defendant improperly sought, through the threat of Rule 11 sanctions, relief that it could never have obtained through motion practice. Far from being frivolous, Plaintiffs provided ample evidence to support its motion. *See, e.g.,* ECF No. 90 at 13-14 (citing labels, Defendant's admissions, and internal documents that support class certification).

Plaintiffs' motion for class certification is meritorious and should be granted. But even if, *arguendo*, the Court denies class certification, courts typically afford plaintiffs another opportunity to seek certification. *See*, *e.g.*, *Vizcarra v. Unilever United States,* 339 F.R.D. 530, 539 (N.D. Cal. 2021) ("*Vizcarra I*") (denying certification without prejudice on the grounds that the plaintiff's expert did not test the specific representations at issue but rather the package as a whole); *Vizcarra*, 2023 WL 2364736, at *10 (N.D. Cal. Feb. 24, 2023) ("*Vizcarra II*") (granting certification on a renewed motion because the plaintiff submitted a revised perception survey that presented to respondents "an un-branded ice cream product

that displayed only the [challenged representations] on the front label of the product”). In contrast, if Plaintiffs were coerced to voluntarily withdraw their certification motion, Plaintiffs would necessarily be foregoing the opportunity to address deficiencies, if any, identified by the Court.

In sum, Defendant’s Rule 11 motion and its repeated efforts to pressure Plaintiffs to drop their claims and withdraw their class certification motion were an abuse of the judicial process. Defendant improperly used Rule 11 to re-litigate its motion to dismiss, which it lost twice, and attack Plaintiffs’ motion for class certification, which is subject to a scheduling ordered by the Court. This Court can and should award Plaintiffs attorneys’ fees in presenting their motion for sanctions and opposing Defendant’s motion for sanctions.

## II. MISLEADING STATEMENTS IN DEFENDANT’S MOTIONS

Unable to dispute the evidence of Defendant’s improper conduct, Defendant claims that Plaintiffs’ Motion is about discovery matters. *See* Def. Opp. at 1-2, 8-12. Not so. Plaintiffs’ Motion is first and foremost about Defendant’s abuse of judicial process and secondarily about Defendant’s mischaracterization of testimony in its signed opposition to Plaintiffs’ motion for class certification (ECF No. 96) and now in its signed motion for sanctions (ECF No. 104-1). Contrary to Defendant’s argument that Plaintiffs “fail to provide a single example” of Defendant’s knowing misstatements of facts in signed filings (Def. Opp. at 16), Plaintiffs identified two in its Motion.

First, Plaintiffs’ Motion pointed to Defendant’s signed statements in which Defendant mischaracterized Plaintiffs’ testimony as showing that they never purchased the Product. *See* Plaintiffs’ Motion at 3 (citing ECF No. 96 at 4-5, 8-9); *see also* ECF No. 104-1 at 3 (“Their testimony revealed that neither ever purchased the product.”). Plaintiffs repeatedly and unequivocally testified under oath that they did purchase the Product. *See* ECF Nos. 110-4, 110-5 (gathering quotes from

deposition testimony). Defendant failed to acknowledge, much less address, this testimony. Instead, Defendant claimed that the Plaintiffs inability to remember the exact shape, color, or flavor of the gummies necessarily means that they did not buy the Products at all. However, Defendant elicited this testimony by its counsel making a series of misleading statements to Plaintiffs, that the Product's gummies come in the color green, are bear, round, or clover-shaped, and come in banana, peach, blue raspberry, sour, or pear sugary flavors, none of which is true.

In opposing the Plaintiffs' Motion, Defendant claims not to have cited Plaintiffs' testimony derived from defense counsel's misrepresentations and that it was "irrelevant to Defendant's arguments in this litigation." *See* Def. Opp. at 11. This is patently false. In both its opposition to class certification and its motion for sanctions, Defendant argued that neither Plaintiffs could have purchased the Product ***and*** specifically cited testimony that ***edited out*** the misleading statements made by Defendant's counsel. In both signed filings, Defendant pointed to the fact that Plaintiff Drake believed that the Product is round when it is actually square. *See* ECF No. 96 at 4-5 (citing Drake Dep. pages 135-36) ("But the fruit bites were not round; they were square."); ECF No. 104-1 at 3 (citing Drake Dep. Pages 135-136) ("The product, however, is square."). *See also* Def. Opp. at 10 (again citing pages 135-136 of Plaintiff Drake's deposition). However, those pages of the transcript in full and without Defendant's edits reveal that it was defense counsel who introduced the false notion that the Product is round.

Q. Do you have any recollection what shape it was?

A. No.

Q. Were they the gummy bears?

A. Trying [sic] remember the texture. Gummy bear? I don't— I don't remember if they were gummy bears.

***Q. Were they the round ones?***

A. It could have been.

Q. Were they the ones that are shaped like clovers?

A. I don't remember.

Q. You have no recollection what they look like, right?

A. No. They might – ***they could have been round***. That's the only thing I can remember.

Drake Dep. at 135:10-24 (emphasis added), attached as Exhibit 2 to ECF No. 107-2. Defendant then argued in signed filings that Plaintiffs' claims are frivolous when, in reality, Plaintiffs relied on the representations of defense counsel, an officer of the court, that Defendant sells "the round ones" or "the banana ones" or "the sour ones" "or "the blue raspberry ones," which representations confused Plaintiffs and jogged faulty recollections about the shape or flavor of the Product. Defendant does not cite a single rule or case that allows it to make knowingly false statements "to test the recollection and veracity," Def. Opp. at 9, of a witness. To the contrary, California Professional Conduct Rule 4.1 expressly forbids it. Rule 4.1 states in relevant part: "In the course of representing a client a lawyer shall not knowingly … make a false statement of material fact or law to a third person."

Second, Plaintiffs' Motion pointed to Defendant's repeated statement that Dr. Matthews found no evidence of consumer confusion and materiality regarding the word "Natural." *Id.* at 5 (citing ECF No. 96 at 15, 18-19); *see also* ECF No. 104-1 at 5 ("Dr. Matthews found that the word "Natural" has no effect at all on consumers' beliefs regarding the types of ingredients (natural or synthetic) in the product."). However, as stated by Dr. Matthews in her initial and reply reports, she did find evidence of consumer confusion and materiality regarding the word "Natural." Dr. Matthews made that clear during her second deposition when she re-iterated the conclusions she submitted in her reply report and explained how her initial surveys and her follow-up surveys fit together to demonstrate that the word "natural" was

deceptive to consumers.

Defendant again ignored clear testimony contradicting its "no evidence" mischaracterization of testimony in Defendant's signed filings. Defendant instead cited out-of-context testimony elicited by defense counsel after instructing Dr. Matthews ***on the record*** to limit her testimony and to not discuss her follow-up surveys.[1]

Rather than being about a discovery dispute, Plaintiffs' motion identified two instances of Defendant's knowing misstatements of facts in signed filings.

### III. DEFENDANT'S IRRELEVANT LITANY OF GRIEVANCES

Defendant attempts to deflect from its own misconduct by providing a litany of grievances about Plaintiffs, including quibbling about whether Plaintiffs' counsel made too many objections in defending a deposition or that Lehotsky Keller Cohn LLP is not the same firm as Lehotsky Keller LLP. Def. Opp. at 9, 12-17. Indeed, Defendant uses much of its opposition to make arguments outside of proper motion practice that Plaintiffs "sandbagged Defendant" with Dr. Mathews' reply report and to discredit the substance of Dr. Matthews' reply declaration. *See* Def. Opp. at 4-6, 8, 12-16. In so doing, Defendant is engaging in the very conduct that is at the heart of Plaintiffs' Motion—abusing the judicial process by using Rule 11 to make arguments outside the avenues provided to it under the Federal Rules. Indeed, Defendant itself argues that Rule 11 is not the proper means for raising discovery disputes. *See* Def. Opp. at 8-9. *See also Safe-Strap,* 270 F.Supp.2d at 416-17 (concluding that the defendant's motion for sanctions was an improper substitute for

[1] Defendant seeks to shift blame by claiming that the limitation of Dr. Matthews' testimony was somehow all the suggestion of Plaintiffs' counsel. *See* Def. Opp. at 6, 12. However, Plaintiffs' counsel obviously had no role in the questions defense counsel asked, the instructions defense counsel gave on the record, or Defendant's use and characterization of Dr. Matthews' testimony in its opposition to class certification and its motion for sanctions.

motion practice otherwise provided for under the Federal Rules). Again, Defendant should read the cases it cites.

Defendant demanded that Plaintiffs voluntarily withdraw Dr. Matthews' reply report. *See* Def. Opp. at 7. However, the Court previously ordered that Plaintiff would have the right to file a reply report. Specifically, the Court ordered:

> No later than May 29, 2024, Plaintiffs shall file a reply in support of their class certification motion, including any expert reply reports in support of any original reports, as well as any rebuttal report to any of Defendant's affirmative expert reports. Any deposition of Defendant's class certification experts shall be completed no later than May 29, 2024.

*See* ECF No. 106. In full compliance with the Court's order, Plaintiffs filed on May 29, 2024 their reply in support of their class certification motion, including Dr. Matthews' reply report, which supports her original report as well as rebuts Defendant's affirmative expert report. If and when Defendant makes a motion allowable under the Federal Rules, Plaintiffs are ready and able to counter each and every one of Defendant's grievances.

**CONCLUSION**

The Court should grant Plaintiffs' motion for sanctions against Defendant and its counsel under Rule 11 and award Plaintiffs their reasonable attorney fees in filing this motion and opposing Defendant's baseless motion for sanctions.

Date: June 17, 2024

Respectfully submitted,

**REESE LLP**

By: _/s/ Sue J. Nam_
Sue J. Nam (SBN 206729)
*snam@reesellp.com*
Michael R. Reese (SBN 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

**REESE LLP**
Charles D. Moore
(admitted *pro hac vice*)
*cmoore@reesellp.com*
121 N. Washington Ave., 4th Floor
Minneapolis, Minnesota 55401
Telephone: (212) 643-0500

**REESE LLP**
George V. Granade (SBN 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

*Counsel for Plaintiffs and the Proposed Class*