1   Jonathan F. Cohn* (NY 2972578)
2   Shannon Grammel* (KS 29105)
    LEHOTSKY KELLER COHN LLP
3   200 Massachusetts Ave., NW
4   Washington, DC 20001
    Email: jon@lkcfirm.com
5   Tel.: (512) 693-8350
    Fax: (512) 727-4755
6

7   *Attorneys for Defendant*
    (*Additional Attorneys for Defendant on
8   Subsequent Page*)

9

10

11                      **UNITED STATES DISTRICT COURT**
                       **SOUTHERN DISTRICT OF CALIFORNIA**
12
                                              )
13                                            )
    DONIECE DRAKE, DEBORAH                    )  Case No. 3:22-cv-01085-MMA-JLB
14  BOWLING, individually and on behalf       )
    of all others similarly situated,         )  **DEFENDANT BAYER**
15                                            )  **HEALTHCARE LLC'S**
                                              )  **SUR-REPLY IN OPPOSITION TO**
16              Plaintiffs,                    )  **PLAINTIFFS' MOTION FOR**
17                                            )  **CLASS CERTIFICATION**
         v.                                   )
18                                            )
    BAYER HEALTHCARE LLC,                     )  Date: Not set
19                                            )  Time: Not set
                                              )  Courtroom: Not set
20              Defendant.                     )  Judge: Honorable Michael M. Anello
21
22                                               Complaint filed: July 25, 2022
23                                               Trial Date: Not Set
24
25
26   _____
27
28

1    *Additional Counsel for Defendant*

2    Katherine C. Yarger\* (CO 40387)

3    LEHOTSKY KELLER COHN LLP
     700 Colorado Blvd., #407

4    Denver, CO 80206
     Email: katie@lkcfirm.com

5    Tel: (512) 693-8350

6    Fax: (512) 727-4755

7
     Alexis Swartz\* (TX 24122045)

8    LEHOTSKY KELLER COHN LLP

9    408 W. 11th St. 5th Floor
     Austin, TX 78701

10   Email: alexis@lkcfirm.com

11   Tel: (512) 693-8350
     Fax: (512) 727-4755

12

13                                    \* Admitted *pro hac vice*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiffs' reply brief, ECF 110, relies on an untimely survey. Plaintiffs do not

2    deny that they sandbagged Defendant with this new survey or that they represented it

3    was not "evidence"—before changing their mind in their reply brief. *See* ECF 111 at

4    9-13; *see generally* ECF 113.

5    Plaintiffs' reliance on the untimely survey, which does not even concern the

6    Bayer label, is misplaced. Defendant incorporates by reference its Rule 11 briefing,

7    ECF 104-1, ECF 111, ECF 114, and adds four brief points.

8    ***First***, the new survey does not remotely support Plaintiffs' motion for class

9    certification. As Dr. Matthews admitted, the survey does not even test or concern the

10   Natural Fruit Bites label, but only a fictional "generic label" that "looks different"

11   from the Bayer label "in many ways." Ex. R at 87:15-16, 96:11-13; *see also* ECF 111

12   at 13. This survey stripped away all the "context" from the Bayer label that Dr.

13   Matthews testified could affect how consumers understood the word "Natural" on the

14   Bayer label. ECF 96-3, Ex. B at 189:9-15. More importantly, this survey does not

15   change Dr. Matthews' conclusion that the word "Natural" on the actual Bayer label

16   has "no impact whatsoever" on consumers' perceptions. *Id*. at 221:17-20; *see also* Ex.

17   S (compilation of Dr. Matthews' testimony from her second deposition reiterating her

18   conclusion that the word "Natural" on the Bayer label caused no consumer

19   confusion).[1]

20   ***Second***, the untimely survey does not address any of the fatal infirmities

21   regarding the materiality of the word "Natural." Dr. Matthews agreed in her second

22   deposition—yet again—that she still has no evidence that any consumer has a

23

24

---

25   [1]*Vizcarra v. Unilever United States, Inc.*, No. 4:20-CV-02777, 2023 WL 2364736, (N.D. Cal. Feb. 24, 2023), is inapposite. This unpublished decision was incorrectly decided but, nonetheless, did not involve a label in which the word at issue was displayed in complete isolation from the other elements on the label. *See Vizcarra v.*

26   *Unilever United States, Inc.*, No. 4:20-CV-02777, ECF 71-2 at 11 (N.D. Cal. June 17,

27   2022). The Court in *Vizcarra* never addressed what is at issue here, where an expert removes entirely all the other "context cues" that, by the expert's own admission,

28   could affect consumers' understanding of the label. Ex. R at 65:9-17.

1    preference (even a small one) for natural vitamins. Ex. R at 139:23-25. Her

2    "materiality" study tested only a preference for natural *ingredients*, and she admitted

3    that this entire preference could be due to the well-observed fact that consumers prefer

4    natural *flavors* and *colors*. *Id*. at 139:20-22; ECF 96-3, Ex. B at 284:17-25, 285:13-

5    17. Moreover, as Defendant's opening brief explained, ECF 96 at 25, a mere

6    preference is not the same thing as materiality.

7        ***Third***, the Court should not give the survey any weight. One party should not

8    be permitted to sandbag the other in discovery. *See Pickens v. United States*, 750 F.

9    Supp. 2d 1243, 1250 (D. Or. 2010) (excluding pursuant to Federal Rule of Civil

10   Procedure 37 expert report that had been "significantly changed" after court's

11   deadline for exchange of expert statements); *see also Yeti by Molly, Ltd. v. Deckers*

12   *Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("[E]xclusion is an appropriate

13   remedy for failing to fulfill the required disclosure requirements of Rule 26(a)."). The

14   survey was untimely—and buried in an email on scheduling logistics right before a

15   deposition—violating Federal Rule of Civil Procedure 26(a)(2)(B). That rule required

16   Dr. Matthews' opening report (filed on February 20, 2024) to contain "***a complete***

17   ***statement*** of ***all opinions***" the expert will express "and the basis and reasons for

18   them." (Emphasis added). The new survey, however, was disclosed six weeks later

19   (on April 2), and Dr. Matthews' opinions on that survey were not disclosed until May

20   29.

21       Plaintiffs' assertion that the survey is a "reply," ECF 110-9, is false and refuted

22   by their own expert. Dr. Matthews admitted that Plaintiffs' counsel asked her to

23   design and launch the new survey back in January or February, when she received the

24   results of her original survey, Ex. R at 44:20-45:11, and well before she saw any

25   response from Defendant or its expert. Dr. Matthews was not replying to anything.

26   She was simply doing the bidding of Plaintiffs' counsel, which recognized that the

27   original survey contradicted their claims. *See id*. at 45:7-11. The survey was not a

28   reply but a Hail Mary.

2

1    ***Fourth***, Plaintiffs' reply, like their other filings, is filled with

2    misrepresentations. For instance, contrary to Plaintiffs' claim, Defendant is not asking

3    this Court to apply a "subjective standard." ECF 110 at 6. In fact, Defendant has

4    pointed out that Plaintiffs' own survey expert admitted repeatedly that she has no

5    evidence that any consumer was deceived by the word "Natural" on the Bayer label,

6    ECF 96-2, Ex. A; Ex. S, and that the named Plaintiffs' testimony is in accord,[2] *see*

7    ECF 96 at 11.

8

9    Dated:  June 28, 2024                          Respectfully submitted,

10

11                                                         */s/ Jonathan F. Cohn*
                                                     Jonathan F. Cohn* (NY 2972578)
12                                                   Shannon Grammel* (KS 29105)
                                                     LEHOTSKY KELLER COHN LLP
13                                                   200 Massachusetts Ave., NW
                                                     Washington, DC 20001
14                                                   Email: jon@lkcfirm.com
                                                     Tel.: (512) 693-8350
15                                                   Fax: (512) 727-4755
16

17                                                   Katherine C. Yarger* (CO 40387)
                                                     LEHOTSKY KELLER COHN LLP
18                                                   700 Colorado Blvd., #407
                                                     Denver, CO 80206
19                                                   Email: katie@lkcfirm.com
                                                     Tel: (512) 693-8350
20                                                   Fax: (512) 727-4755
21

22

23                                                   Alexis Swartz* (TX 24122045)
                                                     LEHOTSKY KELLER COHN LLP
24                                                   408 W. 11th St. 5th Floor

25    _____

26    [2] Plaintiffs did not merely forget "certain details" about the product, ECF 110 at 3;
      rather, they remembered nothing about the product. *See* ECF 96 at 10-11. Nor did
27    Defendant's counsel "attempt[] to mislead" Plaintiffs by asking straightforward
      questions about the product's shape, flavor, and taste. *See* ECF 110 at 3. Plaintiffs'
28    counsel never even objected to these questions in either deposition. *See* ECF 111 at
      14.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Austin, TX 78701
Email: alexis@lkcfirm.com
Tel: (512) 693-8350
Fax: (512) 727-4755

*Attorneys for Defendant*
* Admitted *pro hac vice*.

4