Jonathan F. Cohn* (NY 2972578)
Shannon Grammel* (KS 29105)
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave., NW
Washington, DC 20001
Email: jon@lkcfirm.com
Tel.: (512) 693-8350
Fax: (512) 727-4755

*Attorneys for Defendant*
(*Additional Attorneys for Defendant on Subsequent Page*)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONIECE DRAKE, DEBORAH BOWLING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER HEALTHCARE LLC,<br><br>Defendant. | Case No. 3:22-cv-01085-MMA-JLB<br><br>**DEFENDANT BAYER HEALTHCARE LLC'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: Not set<br>Time: Not set<br>Courtroom: Not set<br>Judge: Honorable Michael M. Anello<br><br>Complaint filed: July 25, 2022<br><br>Trial Date: Not Set |

*Additional Counsel for Defendant*

Katherine C. Yarger* (CO 40387)
LEHOTSKY KELLER COHN LLP
700 Colorado Blvd., #407
Denver, CO 80206
Email: katie@lkcfirm.com
Tel: (512) 693-8350
Fax: (512) 727-4755

Alexis Swartz* (TX 24122045)
LEHOTSKY KELLER COHN LLP
408 W. 11th St. 5th Floor
Austin, TX 78701
Email: alexis@lkcfirm.com
Tel: (512) 693-8350
Fax: (512) 727-4755

* Admitted *pro hac vice*

Plaintiffs' reply brief, ECF 110, relies on an untimely survey. Plaintiffs do not deny that they sandbagged Defendant with this new survey or that they represented it was not "evidence"—before changing their mind in their reply brief. *See* ECF 111 at 9-13; *see generally* ECF 113.

Plaintiffs' reliance on the untimely survey, which does not even concern the Bayer label, is misplaced. Defendant incorporates by reference its Rule 11 briefing, ECF 104-1, ECF 111, ECF 114, and adds four brief points.

***First***, the new survey does not remotely support Plaintiffs' motion for class certification. As Dr. Matthews admitted, the survey does not even test or concern the Natural Fruit Bites label, but only a fictional "generic label" that "looks different" from the Bayer label "in many ways." Ex. R at 87:15-16, 96:11-13; *see also* ECF 111 at 13. This survey stripped away all the "context" from the Bayer label that Dr. Matthews testified could affect how consumers understood the word "Natural" on the Bayer label. ECF 96-3, Ex. B at 189:9-15. More importantly, this survey does not change Dr. Matthews' conclusion that the word "Natural" on the actual Bayer label has "no impact whatsoever" on consumers' perceptions. *Id*. at 221:17-20; *see also* Ex. S (compilation of Dr. Matthews' testimony from her second deposition reiterating her conclusion that the word "Natural" on the Bayer label caused no consumer confusion).[1]

***Second***, the untimely survey does not address any of the fatal infirmities regarding the materiality of the word "Natural." Dr. Matthews agreed in her second deposition—yet again—that she still has no evidence that any consumer has a

[1] *Vizcarra v. Unilever United States, Inc.*, No. 4:20-CV-02777, 2023 WL 2364736, (N.D. Cal. Feb. 24, 2023), is inapposite. This unpublished decision was incorrectly decided but, nonetheless, did not involve a label in which the word at issue was displayed in complete isolation from the other elements on the label. *See Vizcarra v. Unilever United States, Inc.*, No. 4:20-CV-02777, ECF 71-2 at 11 (N.D. Cal. June 17, 2022). The Court in *Vizcarra* never addressed what is at issue here, where an expert removes entirely all the other "context cues" that, by the expert's own admission, could affect consumers' understanding of the label. Ex. R at 65:9-17.

preference (even a small one) for natural vitamins. Ex. R at 139:23-25. Her "materiality" study tested only a preference for natural *ingredients*, and she admitted that this entire preference could be due to the well-observed fact that consumers prefer natural *flavors* and *colors*. *Id*. at 139:20-22; ECF 96-3, Ex. B at 284:17-25, 285:13-17. Moreover, as Defendant's opening brief explained, ECF 96 at 25, a mere preference is not the same thing as materiality.

***Third***, the Court should not give the survey any weight. One party should not be permitted to sandbag the other in discovery. *See Pickens v. United States*, 750 F. Supp. 2d 1243, 1250 (D. Or. 2010) (excluding pursuant to Federal Rule of Civil Procedure 37 expert report that had been "significantly changed" after court's deadline for exchange of expert statements); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("[E]xclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)."). The survey was untimely—and buried in an email on scheduling logistics right before a deposition—violating Federal Rule of Civil Procedure 26(a)(2)(B). That rule required Dr. Matthews' opening report (filed on February 20, 2024) to contain "***a complete statement*** of ***all opinions***" the expert will express "and the basis and reasons for them." (Emphasis added). The new survey, however, was disclosed six weeks later (on April 2), and Dr. Matthews' opinions on that survey were not disclosed until May 29.

Plaintiffs' assertion that the survey is a "reply," ECF 110-9, is false and refuted by their own expert. Dr. Matthews admitted that Plaintiffs' counsel asked her to design and launch the new survey back in January or February, when she received the results of her original survey, Ex. R at 44:20-45:11, and well before she saw any response from Defendant or its expert. Dr. Matthews was not replying to anything. She was simply doing the bidding of Plaintiffs' counsel, which recognized that the original survey contradicted their claims. *See id*. at 45:7-11. The survey was not a reply but a Hail Mary.

***Fourth***, Plaintiffs' reply, like their other filings, is filled with misrepresentations. For instance, contrary to Plaintiffs' claim, Defendant is not asking this Court to apply a "subjective standard." ECF 110 at 6. In fact, Defendant has pointed out that Plaintiffs' own survey expert admitted repeatedly that she has no evidence that any consumer was deceived by the word "Natural" on the Bayer label, ECF 96-2, Ex. A; Ex. S, and that the named Plaintiffs' testimony is in accord,[2] *see* ECF 96 at 11.

Dated: June 28, 2024

Respectfully submitted,

*/s/ Jonathan F. Cohn*
Jonathan F. Cohn* (NY 2972578)
Shannon Grammel* (KS 29105)
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave., NW
Washington, DC 20001
Email: jon@lkcfirm.com
Tel.: (512) 693-8350
Fax: (512) 727-4755

Katherine C. Yarger* (CO 40387)
LEHOTSKY KELLER COHN LLP
700 Colorado Blvd., #407
Denver, CO 80206
Email: katie@lkcfirm.com
Tel: (512) 693-8350
Fax: (512) 727-4755

Alexis Swartz* (TX 24122045)
LEHOTSKY KELLER COHN LLP
408 W. 11th St. 5th Floor

[2] Plaintiffs did not merely forget "certain details" about the product, ECF 110 at 3; rather, they remembered nothing about the product. *See* ECF 96 at 10-11. Nor did Defendant's counsel "attempt[] to mislead" Plaintiffs by asking straightforward questions about the product's shape, flavor, and taste. *See* ECF 110 at 3. Plaintiffs' counsel never even objected to these questions in either deposition. *See* ECF 111 at 14.

Austin, TX 78701
Email: alexis@lkcfirm.com
Tel: (512) 693-8350
Fax: (512) 727-4755

*Attorneys for Defendant*
* Admitted *pro hac vice*.