**REESE LLP**
Michael R. Reese (SBN 206773)
*mreese@reesellp.com*
Sue J. Nam (SBN 206729)
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

**REESE LLP**
Charles D. Moore (admitted *pro hac vice*)
*cmoore@reesellp.com*
121 N. Washington Ave., 4th Floor
Minneapolis, Minnesota 55401
Telephone: (212) 643-0500

**REESE LLP**
George V. Granade (SBN 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO DIVISION**

| | |
|---|---|
| DONIECE DRAKE and DEBORAH BOWLING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER HEALTHCARE LLC,<br><br>Defendant. | Case No. 3:22-cv-01085-MMA-JLB<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT's SUR-REPLY**<br><br>Date: Not Set<br>Time: Not Set<br>Place: Not Set<br>Judge: Honorable Michael M. Anello<br><br>Complaint filed: July 25, 2022<br>Trial Date: Not Set |

In its Sur-Reply, ECF No. 118, Defendant argues Dr. Matthews' follow-up surveys should be ignored because they, in Defendant's words, "stripped away all of the 'context' from the Bayer label." Sur-Reply at 1. But this argument is both legally and factually flawed; and fatally so. Defendant again ignores the case law.

Courts in this circuit require plaintiffs in class action cases to isolate the specific label representation at issue when conducting consumer surveys. As discussed in Plaintiffs' reply brief, the *Vizcarra* court initially rejected the plaintiff's survey that tested the entirety of the package but later granted certification based on the plaintiff's revised survey that tested only the challenged representations. *See* ECF No. 110 at 6 (discussing *Vizcarra v. Unilever United States, Inc.*, 339 F.R.D. 530, 539 (N.D. Cal. 2021) ("*Vizcarra I*"), and *Vizcarra*, 2023 WL 2364736, at *10 (N.D. Cal. Fed. 24, 2023) ("*Vizcarra II*")). Defendant seeks to distinguish *Vizcarra II* by claiming that this case "did not involve a label in which the word at issue was displayed in complete isolation from the other elements on the label." Sur-Reply at 1, n.1. Defendant is wrong—that is exactly what the court required and plaintiff's expert in *Vizcarra II* did, "presenting to respondents an un-branded ice cream product that displayed only the Vanilla Representations on the front label of the product." *Vizcarra II*, 2023 WL 2364736 at *10. Rather than address *Vizcarra II*, Defendant merely states that it was "incorrectly decided" without providing any explanation. Sur-Reply at 1, n.1. It is Defendant who is incorrect as *Vizcarra II* was correctly decided, and courts in the circuit have followed *Vizcarra II's* reasoning.

For example, a court in the Southern District of California recently certified a class, quoting *Vizcarra II* that "the criticisms of [the expert's] survey 'boil down to a disagreement as to [the expert]'s survey design choices, but those go to the weight that the factfinder at trial would accord to [the expert]'s survey results and opinions derived therefrom.'" *See Corbett v. PharmaCare U.S., Inc.*, 2024 WL 1356220, at *23 (S.D. Cal. March 29, 2024); *see also id.* at *22 (quoting *Olean Wholesale*

*Grocery Coop, Inc. v. Bumble Bee Foods, LLC*, 31 F.4th 651, 667 (9th Cir. 2022) ("[A] district court cannot decline certification merely because it considers plaintiffs' evidence relating to the common question to be unpersuasive and unlikely to succeed in carrying the plaintiffs' burden of proof on that issue")).

Similarly, in *Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, the plaintiff sought to certify a class for natural claims on ChapStick, including for just the word "Natural." *Moore*, 2024 WL 348821, at *1. Analogizing to *Vizcarra I*, the defendant argued—and the *Moore* court agreed—that "the presence of extraneous words in these labels makes it impossible to know what language a survey respondent is reacting to when answering." *Id.* at *6.

In its Sur-Reply, Defendant faults Dr. Matthews for doing what the courts in *Vizcarra II* and *Moore* found was a proper methodology for class certification. By isolating the challenged "natural" claim to determine what consumers understand that claim to mean, Dr. Matthews did what the courts in this circuit require plaintiffs to do.

Importantly, the findings in Dr. Matthews's follow-up surveys were in keeping with the results of her first perception surveys. Dr. Matthews testified that the similarity of the results of the first surveys to the follow-up surveys means the word "natural" with and without context cues are driving consumers to the same conclusion that the Product contains only natural ingredients. *See* Matthews Dep. 107:18-108:17; 116:11-117:18; 110:12-17; 111:25-112:23; 118:15-119:1; 120:1-121:8; 123:4-23; 124:10-126:19. In other words, the context cues do not change consumers' understanding of the word "natural." As Dr. Matthews testified:

> If there is a study that has the word "natural" and no context cues, and it finds similar results to a study that has the word "natural" and context cues, then one can also conclude that the context cues do not appear to impact consumers' perceptions of the word "natural" by itself or with other context cues.

Matthews Dep. 117:13-18.

Defendant also argues that the Court should exclude Plaintiffs' follow-up surveys, claiming they were untimely. *See* Sur-Reply at 2. But this argument ignores the scheduling order (agreed to by the Defendant) that specifically entitled Plaintiffs to submit reply expert reports. *See* November 1, 2023 Order, ECF No. 82 ("***Plaintiffs shall file a reply in support of their class certification motion, including any expert reply reports in support of any original reports, as well as any rebuttal report to any of Defendant's affirmative expert reports***."). Moreover, Defendant cannot show any undue prejudice. Defendant deposed Dr. Matthews on the follow-up surveys and was allowed to submit its Sur-Reply. *Orcasitas v. Ko*, 2022 WL 17490969, at *2-3 (S.D. Cal. Dec. 7, 2022) (Anello, J.) (considering new evidence "because Plaintiff had the opportunity and did in fact respond").

Defendant's remaining arguments are equally unmeritorious. Plaintiffs do not rely solely upon the follow-up surveys to support materiality. Rather, Plaintiffs also point to Dr. Matthews' other materiality surveys, as well as Defendant's internal documents, to support the contention that the "natural" claims were material to California consumers' purchase decision. *Id.* at 7-9. And Defendant's final argument is more improper mudslinging, claiming the filings are "filled with misrepresentations." Sur-Reply at 3. Plaintiffs rightfully challenged Defendant's efforts to misguide this Court. *See also* ECF No. 113 at Part II.

In sum, Defendant's attack on Plaintiffs' expert (and Defendant's reliance on its own expert) is a classic "battle of the experts" underscoring that class certification is appropriate here. Plaintiffs rely upon common expert evidence to support their claims, and Defendant relies upon its own common expert evidence to defend itself. Class certification should now be granted. *See Corbett*, 2024 WL 1356220, at *19, 22-29 (certifying class); *Vizcarra II*, 339 F.R.D. at 539 (certifying class).

Date: July 8, 2024

Respectfully submitted,

**REESE LLP**

By: */s/ Michael R. Reese*
Michael R. Reese (SBN 206773)
*mreese@reesellp.com*
Sue J. Nam (SBN 206729)
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

**REESE LLP**
Charles D. Moore
(admitted *pro hac vice*)
*cmoore@reesellp.com*
121 N. Washington Ave., 4th Floor
Minneapolis, Minnesota 55401
Telephone: (212) 643-0500

**REESE LLP**
George V. Granade (SBN 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

*Counsel for Plaintiffs*
*and the Proposed Class*