Michael R. Reese (Cal. State Bar No. 206773)
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Email: *mreese@reesellp.com*
Tel: (213) 377-6153

Charles D. Moore*
**REESE LLP**
121 N. Washington Ave, 4th Floor
Minneapolis, Minnesota 55401
Email: *cmoore@reesellp.com*
Tel.: (212) 643-0500

*Court Appointed Class Counsel*

Jonathan F. Cohn* (NY 2972578)
Shannon G. Denmark* (KS 29105)
**LEHOTSKY COHN LLP**
200 Massachusetts Ave., NW
Washington, DC 20001
Email: *jon@lehotskycohn.com*
Tel.: (512) 693-8350

*Counsel for Defendant Bayer Healthcare LLC*
(*Additional Counsel for Defendant on Subsequent Page*)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONIECE DRAKE et al. individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER HEALTHCARE LLC,<br><br>Defendant. | Case No. 3:22-cv-01085-MMA-JLB<br><br>**STATUS REPORT IN RESPONSE TO COURT'S AUGUST 27, 2026 ORDER (ECF NO. 139)** |

*Additional Counsel for Defendant Bayer Healthcare LLC*

Katherine C. Yarger* (CO 40387)
**LEHOTSKY COHN LLP**
700 Colorado Blvd., #407
Denver, CO 80206
Email: *katie@lehotskycohn.com*
Tel.: (512) 693-8350

Alexis Swartz* (TX 24107585)
**LEHOTSKY COHN LLP**
7500 Rialto Blvd., Suite 1-250
Austin, TX 78735
Email: *alexis@lehotskycohn.com*
Tel.: (512) 693-8350

* Admitted *pro hac vice*.

Pursuant to the Court's August 27, 2026 Order (ECF No. 139), Court-appointed class representatives Doniece Drake and Deborah Bowling and Defendant Bayer Healthcare LLC (collectively the "Parties"), through their undersigned counsel, submit the following Status Report and recommendation regarding next steps.

**Status Update**

On September 15, 2026, Bayer filed a petition for a writ of certiorari in the United States Supreme Court. The petition asks the Supreme Court to review and reverse the Ninth Circuit's decision upholding the certification of the California and New York classes in the above-captioned action ("Supreme Court Petition"). Plaintiffs intend to oppose the Supreme Court Petition.

**Recommendation Regarding Next Steps**

**1. Stay of Proceedings in This Court**

While the Supreme Court Petition is pending, and during the pendency of any proceedings on the merits at the Supreme Court if the Supreme Court Petition is granted, the Parties agree that proceedings in this Court should generally be stayed. The Parties disagree about whether that stay should encompass the dissemination of class notice. But with the exception of the dissemination of class notice, the Parties agree that all other aspects of proceedings in this Court should be stayed during the pendency of cert-stage and any merits-stage proceedings at the Supreme Court.

**2. Plaintiffs' Position Regarding Class Notice**

However, during the pendency of the Supreme Court Petition, Plaintiffs believe that class notice should be disseminated to class members. Class Counsel has engaged Epiq Class Action & Claims Solutions, Inc. ("Epiq") and Epiq Legal Noticing (aka Hilsoft Notifications), a business unit of Epiq that specializes in designing, developing, analyzing, and implementing large-scale, legal notification plans. Class Counsel has also met and conferred with counsel for Defendant on the content of the notice. Class

Counsel can file a motion for the dissemination of the class notice within one week of an order permitting Class Counsel to file the motion.

During the pendency of the Supreme Court Petition, Plaintiffs also believe the Parties should engage in mediation in an attempt to resolve the matter.

**3. Bayer's Position Regarding Class Notice**

Bayer believes that the dissemination of class notice should be stayed along with all other proceedings in this case. There is no reason to proceed with class notice while every other aspect of this case is stayed. Given the Supreme Court Petition, proceeding with class notice risks creating substantial confusion for class members. The Supreme Court Petition raises the question whether a federal court may certify a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) when virtually all members of the proposed class lack evidence of an Article III injury. The Supreme Court has granted certiorari to answer similar questions twice before, but both times was thwarted for procedural reasons. *See Lab. Corp. of Am. Holdings v. Davis*, 605 U.S. 327, 327 (2025); *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 460 (2016).

The Supreme Court Petition gives the Supreme Court a chance to finally answer the question. It is also not the only petition raising the question. Multiple other petitions raising similar questions are already pending at the Supreme Court, *see Kroger Co. v. Solano*, No. 26-244; *Sunoco, Inc. (R&M) v. Cline*, No. 26-1, and others may also be filed, *see Nestlé USA, Inc. v. Falcone*, No. 26A25 (indicating that a forthcoming petition will raise a similar question).

Proceeding with class notice before the Supreme Court Petition and any merits proceedings in the Supreme Court are resolved would be premature and risks misleading class members. The pending Supreme Court Petition squarely challenges the certification of the classes and could result in their reversal, decertification, or modification. Other petitions raising similar questions also implicate the viability of the classes. Disseminating notice against that backdrop would tell class members that

they belong to a certified class and may be entitled to relief when the very existence and scope of that class remain unsettled and subject to change. If the classes are later reversed, decertified, or modified, class members who received notice would be left with a materially inaccurate understanding of their status and rights—precisely the type of "misleading communication[]" that court-authorized notice is intended to avoid. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989).

Proceeding with class notice now would also raise due process concerns. Because absent class members are bound by a judgment unless they affirmatively opt out, due process requires that they receive accurate notice and a meaningful opportunity to decide whether to remain in the class or exclude themselves. *See, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). That election cannot be made reliably while the certification of the very classes described in the notice is subject to reversal, decertification, or modification.

Regarding mediation, Bayer believes that settlement discussions would not be fruitful before the Supreme Court Petition and any merits proceedings in the Supreme Court are resolved.

Dated: September 18, 2026

Respectfully submitted,

*<u>/s/ Michael R. Reese</u>*
Michael R. Reese (SBN 206773)
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Tel: (213) 377-6153

Charles D. Moore*
**REESE LLP**
121 N. Washington Ave, 4th Floor
Minneapolis, Minnesota 55401
Email: cmoore@reesellp.com
Tel.: (212) 643-0500

*Court Appointed Class Counsel*

*/s/ Jonathan F. Cohn*
Jonathan F. Cohn* (NY 2972578)
Shannon G. Denmark* (KS 29105)
**LEHOTSKY COHN LLP**
200 Massachusetts Ave., NW
Washington, DC 20001
Email: jon@lehotskycohn.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

Katherine C. Yarger* (CO 40387)
**LEHOTSKY COHN LLP**
700 Colorado Blvd., #407
Denver, CO 80206
Email: katie@lehotskycohn.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

Alexis Swartz* (TX 24107585)
**LEHOTSKY COHN LLP**
7500 Rialto Blvd., Suite 1-250
Austin, TX 78735
Email: alexis@lehotskycohn.com
Tel.: (512) 693-8350
Fax: (833) 233-2202

*Counsel for Defendant Bayer Healthcare LLC*

* Admitted *pro hac vice*.